325 So.2d 897 (1976)
Mary Ann Belvin, wife of Norris BELVIN
v.
Mike J. CALI and the Travelers Indemnity Co.
No. 7195.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
*898 Daniel E. Becnel, Jr., Reserve, for Mary Ann Belvin, wife of Norris Belvin, plaintiff.
Taylor, Porter, Brooks & Phillips by Eugene R. Groves, Baton Rouge, for Mike J. Cali and the Travelers Indemnity Co., defendants.
Before GULOTTA, BOUTALL and MORIAL, JJ.
BOUTALL, Judge.
This is a suit in tort by Mary Ann Belvin and her husband against Mike Cali and his insurer to recover damages for personal injuries received by Mrs. Belvin as a passenger in Mr. Cali's automobile. The trial court rendered judgment in favor of *899 plaintiffs and defendants, Mike Cali and Travelers Indemnity Company, have appealed.
The uncontested facts are that Mike Cali owns and operates a restaurant in LaPlace, Louisiana. Mrs. Belvin was employed by Mr. Cali two days prior to the accident. The second day Mrs. Belvin worked was Saturday, August 25, 1973. After she finished her work at 11:00 P.M. she punched out and waited for her husband to pick her up. At 11:30 P.M. Mr. Cali and the other employees closed the restaurant and seeing that Mrs. Belvin was still waiting they offered her a ride, which she accepted. In the car were Mr. Cali, the driver; Linda Morris, an employee, seated in the front seat and Mrs. Belvin seated in the back seat. On the Garyville road Mr. Cali's car hit a railroad crossing described by him as approximately ten feet in height. The car left the road and came down on the other side of the crossing striking an iron pole and a concrete culvert.
Mrs. Belvin sustained a moderate to severe cervical and lumbosacral strain. She also injured her right arm which injury gave rise to carpal tunnel syndrome. An operation was performed on her right wrist to alleviate the carpal tunnel syndrome.
Defendants filed an exception of no cause of action on the basis that Mrs. Belvin was an employee injured in the course of her employment, and therefore her exclusive remedy is Workmen's Compensation benefits. The trial court overruled this exception; it was reurged at the trial and again overruled. This contention now forms the major issue before us on appeal from the merits of the case.
This issue and similar cases have arisen before. The general rule is that employees going to or returning from work are not covered by the Workmen's Compensation Act. Vincent v. Service Contracting, Inc., 108 So.2d 281 (Orl.App. 1958) and Hay v. Travelers Ins. Co., 106 So.2d 791 (La.App. 2nd Cir. 1958). To this general rule there are several exceptions, the one pertinent here is best expressed by Professor Malone in his work Louisiana Workmen's Compensation at Section 173:
"An accident that happens while an employee is being transported to or from work by his employer is compensable under the Act if the transportation is furnished as an incident of the employment.
* * * * * *
"The rule applies whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement,. . ."
The issue becomes a factual one. The inquiry to be made is, do the facts show that transportation was an incident to the employment agreement?
The record shows the following: Mr. Cali contends that he informs all his employees that they can get a ride home with him at any time. He stated that he asked Mrs. Belvin if she had transportation and she told him that she did. Mrs. Belvin agrees with this statement, but further states that Mr. Cali never told her he would give her a ride any time she needed one.
We hold that Mrs. Belvin was not acting in the course of her employment when she was injured. The facts evidence no agreement between Mr. Cali and Mrs. Belvin as to Mr. Cali providing transportation. On the contrary, the agreement was for Mrs. Belvin to provide her own transportation. Additionally, we note that Mrs. Belvin had been fired by her employer and was actually waiting for her husband to pick her up.[1] The night was rainy, the hour late, and the *900 place closed. Mr. Cali was heading in the direction of Mrs. Belvin's home, in fact, almost the next house. We perceive these facts to evidence a ride offered out of courtesy and not out of an obligation from an employment agreement.
In distinguishing between transportation furnished as an incident to employment as opposed to a gratuitous or voluntary giving of a ride home, we consider it pertinent to inquire whether the activity undertaken was in furtherance of the employer's business when the injury occurred. Under the facts outlined above we see nothing to indicate a furtherance of Mr. Cali's business by riding Mrs. Belvin home.
Defendants have cited us to several cases which held that employees going to or returning from work have come within the purview of the Act. In every one of these cases there was evidence of an employment agreement concerning transportation. In Willis v. Cloud, 151 So.2d 379 (La.App. 3rd Cir. 1963) the court found that the plaintiff was similar to an independent contractor and required to provide his own truck as part of his employment agreement. In Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970) the court found that the truck was provided to the employee for the employer's convenience and that the employee was actually furthering the business of the employer by taking the truck to his home. In Welch v. Travelers Ins. Co., 225 So.2d 623 (La.App. 1st Cir. 1969) the employee was paid mileage and was injured while returning to his motel room from the job site.
We believe this case to be controlled by the principles enunciated in Bass v. Shreveport-El Dorado Pipe Line Co., 4 La. App. 107 (2nd Cir. 1926). In that case an employee was injured after falling from the employer's truck returning to town. The employer did not allow employees to ride on the truck, but often let them ride into town as a courtesy. The Court stated:
"In the case at bar, the plaintiff's work was finished for the week and he had been paid off; he was on his way home when the accident happened, and was more than a mile from defendant's premises. He was entirely out of his employer's control and was not where he was performing or where he could perform any service for his employer; he was riding on a conveyance not used to carry him as an incident of his employment or as part of his compensation, but he was permitted to ride on it as a matter of accommodation; he was not on his way to living or boarding quarters furnished or controlled by the employer as an incident of his employment or part of his compensation; he was on his way to his own home. Under such circumstances, the accident did not arise out of or in the course of plaintiff's employment nor was it an incident thereto, and therefore he is not entitled to recover."
In accord with the above case and holding to the general rule are Vincent v. Service Contracting, Inc., 108 So.2d 281 (Orl.App.1958) and Hay v. Travelers Ins. Co., 106 So.2d 791 (La.App. 2d Cir. 1958), supra.
Having decided that plaintiff's proper remedy was in tort, we now reach the merits of the case.
Mr. Cali was obviously negligent in losing control of his car and striking an object off the highway. He estimated his speed at 30 to 35 miles per hour. Miss Morris placed the speed at 60 miles per hour and plaintiff merely said that he was going too fast. The night was rainy and misty and Mr. Cali was under a duty to drive according to the conditions of the road. LSA-R.S. 32:64. This he did not do and his negligence is the sole proximate cause of the collision. We see nothing in the record to indicate assumption of risk by Mrs. Belvin.
Defendants contend that the trial court abused its discretion by granting excessive damages. Mrs. Belvin was awarded $7,000 in pain and suffering, plus her *901 medical and doctor bills. After reading all the medical testimony the trial court felt that Mrs. Belvin's carpal tunnel syndrome was causally related to the automobile accident. We cannot find error with that decision. Carpal tunnel syndrome, plus a moderate to severe lumbosacral strain can cause appreciable pain and suffering. An award of $7,000 for these injuries is within the sound discretion of the trial court and we will not disturb it. RCC Article 1934 (3).
Finally, plaintiffs have answered this appeal seeking lost wages for Mrs. Belvin. Loss of wages was denied for a lack of evidence and we agree with that finding. Plaintiffs seek 17 months lost wages, yet, except for the 5 days Mrs. Belvin was in the hospital there is no proof that she could not work.
For the above reasons the judgment of the lower court is affirmed. Defendants are to pay all costs.
Affirmed.
NOTES
[1] There are cases in which a fired employee would still be covered by Workmen's Compensation benefits. See for example Matthews v. Milwhite Mud Sales Co., 225 So.2d 391 (La.App.3rd Cir. 1969), but factually, this is not such a case.