STOKER, Judge.
James Ray Washington appeals a finding by the trial court that an accident in which *1126 he was injured occurred while he was in the course and scope of his employment.
James Ray Washington was hired by Jon Craig Riche in March 1984 to work as a farm hand on property managed by Riche. Riche’s cousin Elliot was a co-manager of the land, but there was no formal agreement between the two. They shared the expenses and the profits, but worked independently of each other. Elliot had no part in hiring Washington.
Most of Washington’s duties were to be performed on a tract near Lake Long, some 38 miles from Mansura, where Riche lived. Riche agreed to pay Washington $135 per week, regardless of the number of hours Washington actually worked. Washington was to provide his own transportation to work.
Washington owned an old pickup truck which did not run. He expected to drive himself to work, without reimbursement for gas, once the truck was fixed. For the first few days, Washington worked at Riche’s mother’s house in Bunkie. From then on his work was almost exclusively performed at Lake Long. Washington’s sister apparently took him to Riche's house a few times, but Riche picked him up most of the time. Washington could remember only four times that Riche did not drive him to Lake Long. Meanwhile, Riche occasionally gave Washington time off to fix his truck. Though Washington claims he was not paid for this time, his paychecks show that he was.
This arrangement continued until June 12, 1984, when Riche was involved in an accident as he was taking Washington home after work. Liability is not disputed in this appeal; the accident.occurred in the other driver’s lane of traffic. Washington’s arm and shoulder were injured when he hit the dash. He made no complaint at the accident scene, but when Riche arrived to pick Washington up the next morning, Washington said he could not work because he was experiencing pain. Washington never returned to work for Riche.
Washington filed a tort action against Riche and his automobile liability insurer. The insurer answered, asserting that Washington’s only claim against Riche was in worker’s compensation, eliminating any claim against the insurer. (We note that Riche carried no compensation insurance at the time of the accident.) Washington amended his petition to include a worker’s compensation claim, and added Elliot Riche, Craig Riche’s cousin, as co-employer. In another amendment Washington reduced his claim to $10,000 to avoid a jury trial.
The trial judge made the following findings:
“In the present case, the court finds that by providing transportation to plaintiff over a period of twelve weeks without complaint, the parties impliedly changed the agreement that plaintiff would provide his own transportation and at the time of the accident, transportation was an incident of employment.”
# # sjt ⅜ ⅝ ⅜{
“The court finds that plaintiff was in the course of his employment for Jon Craig Riche at the time of the accident and accordingly, neither Riche nor his liability vehicle insurer, Louisiana Farm Bureau Mutual Insurance Company, can be liable in tort.
“It follows from the above that Jon Craig Riche is liable for worker’s compensation. As relates to the worker’s compensation claim against Elliot Riche, the evidence indicates that plaintiff was not an employee of Elliot Riche. * * * Accordingly, the worker’s compensation claim against Elliot Riche is rejected.”
The judge further found that Washington had fully recovered as of November 16, 1984, and was therefore entitled to 22 weeks of benefits.
Washington appeals, assigning one error: that the trial court erred in its determination that he was in the course and scope of his employment at the time of the accident, and in its dismissal of Washington’s tort claim against Riche.
*1127 The law governing this case is set forth in Belvin v. Cali, 325 So.2d 897 (La.App. 4th Cir.1976) at page 899:
“The general rule is that employees going to or returning from work are not covered by the Workmen’s Compensation Act. Vincent v. Service Contracting, Inc., 108 So.2d 281 (Orl.App.1958) and Hay v. Travelers Ins. Co., 106 So.2d 791 (La.App. 2nd Cir.1958). To this general rule there are several exceptions, the one pertinent here is best expressed by Professor Malone in his work Louisiana Workmen’s Compensation at Section 173:
“ ‘An accident that happens while an employee is being transported to or from work by his employer is compen-sable under the Act if the transportation is furnished as an incident of the employment.
Sfc * * * Jjc *
“ ‘The rule applies whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement,
“The issue becomes a factual one. The inquiry to be made is, do the facts show that transportation was an incident to the employment agreement?”
One criterion in making this factual determination is provided in that case:
“In distinguishing between transportation furnished as an incident to employment as opposed to a gratuitous or voluntary giving of a ride home, we consider it pertinent to inquire whether the activity undertaken was in furtherance of the employer’s business when the injury occurred.”
Belvin, 325 So.2d at 900.
In addition, the following considerations are raised in Malone & Johnson, Louisiana Civil Law Treatise, Worker’s Compensation Sec. 170:
“The fact that the employer occasionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule that trips to and from the place of work are outside the course of employment. * * * In view of the informal character of hiring agreements, the undertaking to provide transportation must usually be implied from the circumstances.”
This case differs from others dealing with transportation as an incident of employment. Riche and Washington had initially agreed that the latter would provide his own transportation, yet for twelve weeks Riche drove Washington to work. The trial judge concludes that a change of agreement can be implied. We find no need to infer a permanent intent on Riche’s part to provide transportation. The facts are that Riche drove Washington to work on more than an occasional basis, and that he did so because he needed Washington’s services. Once Washington’s truck had been fixed, Riche might have expected him to drive it to work. However, for that period, Riche valued Washington’s labor enough to pick him up almost every day. While Washington benefited from the arrangement, Riche had no personal reason to accommodate Washington in this manner. The transportation was provided in furtherance of the employer’s business.
For these reasons, we affirm the judgment of the trial court limiting Washington’s recovery to sums available under worker’s compensation law. No complaint has been made as to the finding that Washington was disabled for a period of 22 weeks. We affirm the trial court’s award. Costs of this appeal are taxed against the plaintiff-appellant.
AFFIRMED.