721 So.2d 1001 (1998)
Larry T. WYNDER, Jr., Plaintiff-Appellant,
v.
ROYAL FORD LINCOLN MERCURY, INC., Defendant-Appellee.
No. 98-616.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*1002 Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Wanda Wynder, on behalf of herself and daughter Chelsea Jene Wynder, filed suit against Royal Ford Lincoln Mercury, Inc. (hereinafter "Royal") following the death of her husband, Larry T. Wynder, Jr., seeking workers' compensation benefits. Wanda Wynder alleged that her husband, an employee *1003 of Royal, was acting in the course and scope of his employment at the time of his death.
Royal filed an answer denying liability. It then moved for summary judgment seeking a dismissal of the plaintiff's claim on the basis that Larry Wynder was not in the course and scope of employment at the time of his accident. Judgment was rendered in favor of Royal, dismissing Wanda Wynder's claim with prejudice. The plaintiff has instituted this appeal seeking review of the workers' compensation judge's finding that there were no genuine issues of material fact.
Based on the following reasons, we reverse the judgment of the workers' compensation judge granting summary judgment in favor of the defendant and remand this case for further proceedings. A genuine issue of material fact exists regarding the purpose for which Royal provided weekly gasoline to Ms. Wynder's deceased spouse. Moreover, a genuine issue of material fact exists as to whether Royal was interested in the transportation of Larry as an incident to his employment.

I.

ISSUE
We shall consider whether the workers' compensation judge erred in granting summary judgment in favor of Royal and dismissing Wanda Wynder's claim for workers' compensation benefits.

II.

FACTS
On the morning of September 20, 1996, Larry T. Wynder, Jr. was fatally injured in an automobile accident while driving from his residence in Natchitoches to his place of employment in Winnfield. He was employed by Royal as a finance manager. Ms. Wynder alleges that her husband was encouraged by Royal to promote car sales and was provided automobiles by Royal to drive as a means of furthering Royal's business as well as one tank of gasoline per week. Moreover, Ms. Wynder alleges that the night before Larry Wynder was killed, he had driven one of the automobiles for sale by Royal to Natchitoches to show to a potential customer.
It is not contested that on the morning of his death, Larry Wynder drove his personal truck, not the dealership-owned car, to work. Ms. Wynder alleges that he did so in order to fill his truck with gasoline provided by Royal. In addition, the workers' compensation judge observed that Larry Wynder was using his own truck on the morning of his death because he intended to show the dealershipowned car to potential customers that weekend.

III.

LAW AND DISCUSSION

Standard of Review
As a general principle, "[a]ppellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of the appropriateness of summary judgment." See Potter v. First Federal Savings & Loan Ass'n of Scotlandville, 615 So.2d 318, 325 (La.1993), citing Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La. 1991). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).
The burden of production remains with the mover to show that no material issues of fact exist. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of production shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. Id.
Facts are material if they determine the outcome of the legal dispute. See Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 *1004 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Id.
In this suit, we must determine whether a genuine issue of material fact exists such that the grant of summary judgment was improper.

The Existence of a Genuine Issue of Material Fact
Royal based its motion for summary judgment on its argument that Larry Wynder was not in the course and scope of his employment when his death occurred. As a general rule, "an employee who is traveling from home to work or returning from work to home is generally not within the course and scope of his employment." Orgeron v. McDonald, 93-1353, p. 5 (La.7/5/94); 639 So.2d 224, 227. One exception is that benefits are due to an employee where he is injured in a vehicular accident if the employer provides expenses for the use of that vehicle. See Castille v. All Am. Ins. Co., 550 So.2d 334 (La.App. 3 Cir.1989), writ denied, 556 So.2d 1261 (La.1990); Landry v. Benson & Gold Chevrolet, 398 So.2d 1262 (La.App. 4 Cir.1981). The factual circumstances of the case determine whether this exception applies. See Landry, 398 So.2d 1262.
Royal's motion for summary judgment was grounded in part on the assertion that Larry Wynder was not being compensated or reimbursed for travel, mileage, and/or gas expenses while traveling to work at the time of the accident. Raymond Mathis, a general manager of Royal, averred by affidavit that although Royal provided Larry Wynder with one tank full of gasoline per week, the gasoline was only for the demonstrator vehicle that Royal provided Larry Wynder for his personal transportation.
Contrary to Raymond Mathis' assertions, Wanda Wynder affirmed by affidavit the following statements: "Royal would fill Larry's truck with fuel each Friday" and "Larry drove his truck to Winnfield on the morning he was killed ... so that his employer would fill it with fuel...."
Thus, there exists a genuine issue of material fact as to whether Royal provided gasoline to Larry Wynder on a weekly basis which Larry Wynder used for his personal vehicle. This fact is material because where an employer provides expenses for time spent in a vehicle, an accident involving the employee while driving is within the course and scope of employment. See Castille, 550 So.2d 334.
A second exception to the general rule was recognized by the court in Landry. We find that a broad reading of this exception appears to be warranted in this case. The Landry court stated that the exception applies:
whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement. Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970), writ denied, 256 La. 894, 240 So.2d 231 and citations therein; Belvin v. Cali, 325 So.2d 897 (La.App. 4th Cir.1976) and citations therein. Thus, under the rationale of these cases, the issue is a factual one. Do the facts show the transportation as an incident to the employment?
Landry, 398 So.2d at 1264. In Landry, the plaintiff, a used car salesman, sought workers' compensation benefits following an automobile accident which occurred while he was traveling to work in a demonstrator vehicle provided by his employer. The automobile was intended for the plaintiff's personal and business use, and he was encouraged to attempt to sell the demonstrator while using it. The court held that the plaintiff was acting in the course and scope of his employment because he "was on a trip which was reasonably contemplated by the employment contract as being a trip made in the interest of [his employer's] business." Id. at 1265.
Upon our review of the record, we find that the workers' compensation judge erred in granting summary judgment in favor of Royal because a genuine issue of material fact exists as to whether the exception applied in Landry applies to this case. Ms. Wynder alleges that Larry Wynder was furnished with dealership-owned automobiles which he was encouraged to show to potential *1005 purchasers. On the night before his death, Larry had driven a dealership automobile to Natchitoches to show to a potential customer. However, Larry was driving his personal truck to work on the morning of his death. The workers' compensation judge found that "the reason [Mr. Wynder] was using his transportation ... was because he intended to show the demonstrator vehicle that weekend, so that was why he wasn't returning it at the time."
Thus, it appears that Royal interested itself in Larry's transportation to work as an incident to his employment. We note that Landry is factually distinguishable because the plaintiff in Landry was driving the company-owned car to work when the accident occurred, but Larry was driving his personal truck. However, this factual difference does not preclude application of the exception. The key fact is whether Royal interested itself in Larry's transportation as an incident to an employment agreement. To hold that the exception does not apply simply because Larry was driving alternate transportation, his personal truck, not the dealership-owned automobile, to work on the morning of the accident would put form above substance. If Royal interested itself in Larry's transportation, then the fact that Larry was not driving the dealership-owned automobile to work when the accident occurred does not take him out of the course and scope of his employment.
Royal argues that the affidavit of Wanda Wynder should be disregarded because it is hearsay and is not based on her personal knowledge. However, section 1317(A) of the Workers' Compensation Act provides that the tribunal "shall not be bound by technical rules of evidence ... but all findings of fact must be based upon competent evidence." La.R.S. 23: 1317(A). In a workers' compensation proceeding, subject to discretionary limits, the mere fact that evidence is hearsay is not a sufficient ground to exclude it. See Johnson v. Cajun Enterprises, 293 So.2d 617, 623 (La.App. 3 Cir.1974). As the Louisiana Supreme Court has noted, "[t]he Legislature in fashioning a relaxed evidentiary standard for workers' compensation proceedings envisioned the broad admission of evidence that might fall outside of the technical rules of evidence." Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98); 708 So.2d 375, 383. Thus, consideration of the affidavit of Wanda Wynder is proper.
In reaching our conclusion, we will not consider the depositions of Roy C. Jackson and Raymond Mathis nor will we consider the deposition exhibits. These materials were attached to plaintiff's motion for a new trial, but were never offered or introduced into evidence at the summary judgment hearing. As already noted, relaxed rules of evidence and procedure apply in workers' compensation proceedings, and evidence which may be inadmissible in an ordinary proceeding may be considered in a workers' compensation proceeding so long as it is "competent evidence." However, such evidence must be properly admitted in order to be "competent." Cf. Blount v. Exxon Corp., 395 So.2d 355, 358 (La.App. 1 Cir.1981) (holding that depositions attached to a motion for a new trial that were not introduced into evidence did not form part of the record on appeal). Accordingly, this court will not consider the deposition testimony of Roy C. Jackson and Raymond Mathis or the deposition exhibits as these items were not properly admitted into evidence at the summary judgment hearing.
Upon our review of the record, we find that there exists a genuine issue of material fact as to whether Royal provided gasoline to Larry Wynder on a weekly basis which Larry used for his personal vehicle. In addition, there exists a genuine issue of material fact as to whether Royal was interested in Larry's transportation as an incident to an employment agreement. The workers' compensation judge erred in granting summary judgment in favor of Royal.

IV.

CONCLUSION
Based on the foregoing reasons, we reverse the judgment of the workers' compensation judge granting summary judgment in favor of the defendant-appellee and remand the matter for further proceedings.
*1006 All costs of this appeal shall be paid by Royal Ford Lincoln Mercury, Inc.
REVERSED AND REMANDED.