Judge Joy Cossich Lobrano
hLorene A. Randazzo (“Appellant”) appeals the district court’s judgments granting five motions for summary judgment against her.[1] Finding that the district court erred in granting these motions for summary judgment, we reverse the judgments and remand the case to' the district court.
Appellant w;as the owner of a home located in Chalmette, Louisiana. Appellant’s home was damaged during Hurricane Katrina. Because of the damage the home suffered, St. Bernard Parish (“SBP”) condemned the home in August of 2008. After the initial condemnation of the.home, Appellant was successful in having her home removed from the condemnation list for several' years, until it was again condemned by SBP in January of 2011. The record does not indicate that Appellant ever made the required repairs to the home to get it removed from the condemnation list. ■
^Appellant received the final condemnation letter on'January 26, 2011, and the home was demolished on February 28, 2011. On February 24, 2012 Appellant filed a Petition for Damages stating that SBP, its contractors, Barowka & Bonura Engineers and Consultants, LLC (“BBEC”) and Unified Recovery Group, .LLC (“URG”), and their insurers, Houston Casualty Company (“HCC”), Scottsdale Insurance Company (“Scottsdale”), and AIG Specialty Insurance Company (“ASIC”), were liable for the improper condemnation and demolition of her home. Specifically, Appellant asserted that she never received legal notice of the condemnation.
BBEC, URG, HCC, Scottsdale, and ASIC all filed motions for summary judgment between October 24, 2014 and January 15, 2015.[2] In response to claims filed against URG and BBEC, URG and BBEC submitted parts of a deposition taken of Jerry Graves, the Chief Administrative Officer of SBP, given in June 2012 in another case, as an exhibit to their motion for summary judgment. The parts of the deposition that were. submitted stated that URG was not involved in any of the decision making processes with respect to condemning a home. Instead, Mr. Graves stated that URG was solely responsible for any demolition work that was issued by SBP. Selected portions of a deposition of Anthony Gray Dillion and selected portions of a deposition of David E. Parralta, both taken in a case other than the one sub judice, were' also admitted. The insurer defendants, HCC, ASIC, and Scottsdale adopted these exhibits by reference. It is undisputed that Appellant was never noticed of these depositions, or given the opportunity to cross-examine the deponents.
LAll of the summary judgment- motions were granted by the district court in open court on September 18, 2015. Written judgments were- signed as to URG, ASIC, HCC, BBEC, and Scottsdale between September 29, 2015, and November 20,- 2015. *1131 See n. 1, supra. From these judgments, Appellant timely appeals.
Appellees filed their motions for summary judgrhent prior to" the effective date of the 2016 amendments to La. C.C.P. art. 966. As a result, the versión of La. C.C.P. art. 966 effective prior to the amendments applies to thése motions.[3] The summary judgment procedure is favored in Louisiana. La. C.C.P. art. 966(A)(2). The motion should be granted if “the pleadings, depositions;' answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.”' La. C.C.P. art. 966(B)(2). Regarding the burden of proof on summary judgment, La. C.C.P. art. 966(C)(2) states: ..
The burden of proof remains 'with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all. essential elements of the adverse party’s- claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at' trial, there is no genuine issue of material fact.
I ⅜Appellate courts review a grant of a mo-^on ^or surnraary judgment de novo using same criteria district courts consider when determinirig if sumhaary judgment is proper. Kennedy v. Sheriff of E. Baton Rouge, 2006-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686 (citations omitted).
In her first assignment of error, Appellant argues 'that the district court erred by allowing Appellees to attach selected pages of depositions taken in other lawsuits as an exhibit to their motions for summary judgment.'Appellant argues that she was not given notice of these depositions or the opportunity to cross-examine the deponents, and thus her substantial rights were affected by the depositions’ admittance into evidence. -
Error may not be predicated on a ruling that admits evidence unless a contemporaneous objection was. made, and the ruling affected a substantial right of. the party. La. C.E. art. 103(A). Appellees first argue that Appellant did not make a contemporaneous objection to the admittance of the deposition pages. There are two rationales behind the contemporaneous objection rule: "(1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection.” State v. Thomas, 427 So.2d 428, 433 (La. 1982) (on *1132 reh’g). Further expressing this policy, Justice Weimer wrote in his Logan v. Schwab dissent, “[a] party should not be entitled to stash an objection in his back pocket and sit on it, only to pull it out after an adverse judgement.” Logan v. Schwab, 2015-1508, p. 4 (La. 5/27/16), 198 So.3d 118, 121-22 (J. Weimer, dissenting).
Appellant’s “Statement of Contested Material Facts” states that Appellant “disputes any and all references” to the depositions. See La. C.C.P. art. 966(F)(2)—j B(3). The transcript of the hearing on the motions for summary judgment reads, in relevant part:
Mr. Breeden: “Those depositions were not taken in this matter,”
[[Image here]]
Mr. Breeden: “Your Honor, if you’re going to consider these other depositions, then, I at least, will request that you...”
The Court: “They were not objected to prior to this”
Although it appears that Appellant’s attorney may have been interrupted, the transcript evidences that the district court knew that Appellant objected, even if the district court did not believe the objection in the statement of contested material facts was sufficient. The district court was on notice of the alleged irregularity and had the opportunity to correct it. Thus, we consider whether or not the admission of the deposition parts was in error, and if so, whether it affected Appellant’s substantial rights.
Although La. C.C.P. art. 966(B)(2)(2015) references depositions as possible summary judgment evidence, merely stapling documents to a motion for summary judgment does not “magically” transform them into competent summary judgment evidence. Schully v. Hughes, 2000-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222. La. C.C.P. art. 1450 states, in relevant part:
A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied , as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:...
(emphasis added). Because no party asserts that Appellant was present, represented at, or had notice of the depositions that made up the summary judgment motion |fiexhibits, it is unnecessary to analyze if any of the circumstances allowing for the admission of the depositions apply. The admission of these deposition parts was in error.
As to the remaining question of whether admitting these deposition parts affected Appellant’s substantive rights, Appellant was denied the right of cross-examination, the importance of which “cannot be minimized in civil cases.” Trascher v. Territo, 2011-2093, p.4 (La. 5/8/12), 89 So.3d 357, 362 (internal quotations omitted) (citations omitted). As the Louisiana Supreme Court stated in Trascher, “[t]he thrust of La. C.C.P. art. 1450, particularly Paragraph A, seems to be that the party against whom a deposition is sought to be used must have been afforded a meaningful opportunity to cross-examine the deponent.” Id., 2011-2093 at pp. 6-7, 89 So.3d at 363. Because Appellant was deprived of this substantial right, the district court’s admission of this evidence constitutes reversible error.
Without the deposition testimony, there is not sufficient evidence before this Court “to show that the other party lacks factual support for their position.” Gooding v. Merrigan, 2015-200, p. 9 (La.App. 5 Cir. 11/19/15), 180 So.3d 578, 584. See also *1133 Wynder v. Royal Ford Lincoln Mercury, Inc., 98-616 (La.App. 3 Cir. 10/28/98), 721 So.2d 1001, 1005 (refusing to consider evidence that was not properly admitted on summary judgment when reviewing a grant of summary judgment, and reversing the grant of summary judgment). Accordingly, we reverse the district court’s judgments granting the Appellees’ motions for summary judgment, and remand the case for proceedings consistent with this opinion, We pretermit all of Appellant’s other assignments of error.
^Decree
The district court’s September 29, 2015 judgment granting summary judgment favor of URG; October 2, 2015 judgment granting summary judgment in favor of ASIC; October 5, 2015 judgment granting summary judgment in favor of HCC; October 7, 2015 judgment granting summary judgment in favor of BBEC; and November 20, 2015 judgment granting summary judgment in favor of Scottsdale are reversed. The case is remanded for further proceedings consistent with this opinion.
REVERSED; REMANDED

. The district court granted summary judgment in favor of Unified Recovery Group ("URG”) on September 29, 2015, in favor of AIG Specialty Insurance Company ("ASIC”) on October 2, 2015, in favor of Houston Casualty Company ("HCC”) on October 5, 2015, in favor of Barowka & Bonura, LLC ("BBEC”) on October 7, 2015, and in favor of Scottsdale Insurance Company ("Scottsdale”) on November 20, 2015. All of these judgments were substantially the same, and referenced the motions for summary judgment filed by URG and BBEC adopted by reference by ASIC, HCC, and Scottsdale as the motion granted.

. Together, BBEC, URG, HCC, Scottsdale, and ASIC are referred to as "Appellees.”

. See 2015 Louisiana House Bill .No. 696, Louisiana Forty-First Regular Session, Section 2 (stating, "[t]he provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act.”) and'Section 3 (stating, ‘‘[t]he provisions of this Act shall become effective on January 1, 2016"). Throughout this opinion, all references to the requirements of summary judgment motiops reference the requirements of those motions prior to January 1, 2016. We note that some of the motions were filed in 2014, rendering the 2014 requirements applicable, and some of the motions were filed in 2015, rendering the 2015 requirements applicable. The particular issues addressed in this opinion do not require an analysis of the changes to La. C.C.P. art. 966 between 2014 and 2015.