771 So.2d 662 (2000)
Jo Lynette JOHNSON
v.
Everett W. GILMORE, et al.
No. 99-1300.
Court of Appeal of Louisiana, Third Circuit.
April 5, 2000.
*663 John F. McKay, Baton Rouge, LA, Ann Lowrey, Reichman & Lowrey, Alexandria, LA, Counsel for PlaintiffAppellant.
Randall Keiser, Keiser & Auzenne, Alexandria, LA, Nan M. Landry, Lafayette, LA, Counsel for DefendantsAppellees.
(Court composed of ULYSSES G. THIBODEAUX, JOHN D. SAUNDERS, and MARC T. AMY, Judges).
SAUNDERS, Judge.
This matter arises from an accident, wherein the plaintiff was struck by a vehicle after crossing a road during the Forest Hill Nursery Festival. The plaintiff sued several parties, including the driver of the car, the Chief of Police, an officer, and the Village of Forest Hill. The Chief, the officer and the Village filed a motion for summary judgment to dismiss the plaintiffs claims against them. From a ruling dismissing all claims against the above-mentioned parties, the plaintiff brings this appeal.

FACTS
Jo Lynette Johnson, hereinafter "Plaintiff," was attending the Nursery Festival in Forest Hill, Louisiana. when she was struck by a vehicle after just crossing Hwy. 112. Hwy. 112 runs east and west through Forest Hill. Booths for the festival were set up adjacent to Hwy. 112, on the north side of it. Visitors to the festival parked across the street from the booths, on the south side, and down the highway toward LeCompte. Vehicles waiting to pick up items purchased at the festival were allowed to park for a short period of time on the shoulder of the north side of Hwy. 112.
Plaintiff had just crossed Hwy. 112 and was on the north shoulder, nearly to the grassy area where the booths were located, when her right knee was struck by a 1990 Toyota Corolla driven by Everett W. Gilmore. Gilmore had parked on the north side of Hwy. 112, in front of the booths, to pick up a plant he and his daughter had purchased at the festival; the accident happened while he was attempting to leave that area.
Plaintiff brought suit against Gilmore, his insurer, David Lowe (Chief of Police of the Forest Hill Police Department), Officer Glynn Dixon, Forest Hill Academy, Inc. and the Village of Forest Hill. Lowe, Dixon and the Village of Forest Hill, hereinafter collectively "Defendants," filed a motion *664 for summary judgment, seeking to have all claims against them dismissed with prejudice. This motion was granted on March 8, 1999, wherein the trial judge found the moving parties were not a cause in fact of the accident and violated no duty towards Plaintiff.

LAW AND ANALYSIS
Plaintiff cites four assignments of error, all of which allege the trial judge committed manifest and reversible error in granting Defendants' motion for summary judgment, dismissing all claims against them. Appellate review of summary judgment is set forth as follows:
As a general principle, "[a]ppellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of the appropriateness of summary judgment." See Potter v. First Federal Savings & Loan Ass'n of Scotlandville, 615 So.2d 318, 325 (La.1993), citing Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La. 1991). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. Code Civ.P. art. 966(B).
The burden of production remains with the mover to show that no material issues of fact exist. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. Once the mover has made a prima facie showing that the motion for summary judgment should be granted the burden of production shifts to the non-moving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. Id.

Facts are material if they determine the outcome of the legal dispute. See Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Id.

Wynder v. Royal Ford Lincoln Mercury, Inc., 98-616, p. 3-4 (La.App. 3 Cir. 10/28/98); 721 So.2d 1001, 1003-1004, writ denied, 98-2966 (La.2/5/99); 738 So.2d 2.
Plaintiff argues that the trial judge erred when he found that there were no genuine issues of material fact, that Defendants owed and breached no duty to Plaintiff, and that Defendants were not a cause in fact of the accident. We disagree. A reading of the record does not indicate any genuine issues of material fact as to either of these elements of Plaintiff's asserted cause of action.
Plaintiff argues Defendants are liable to Plaintiff for failing to formulate a proper traffic control plans and for failing to assist pedestrians while crossing highways, as was similarly held in Blair v. Tynes, 621 So.2d 591 (La.1993). We find the Blair case inapposite to the matter before us. In Blair, there were officers who were assigned to regulate traffic and pedestrians, they had assumed a duty of care. Moreover, an officer in Blair had advised the plaintiffs to cross the highway. No such arrangements had been made for the nursery festival; there was no organized regulatory scheme, no assumed duty on behalf of Defendants. In addition to this, Plaintiff had successfully crossed Hwy. 112. She admitted that she had made it safely across the highway and was only one step away from the grassy area on the other side of the highway's shoulder. This court takes particular note of Plaintiffs initial allegation that an officer was present when the accident happened when, in fact, she produced nothing to evidence thisnot to mention the record, which indicates that the officer she claimed was present was actually having lunch.
*665 Plaintiff argues that the trial judge's reason for granting summary judgment is flawed, because in his judgment, he addressed the cause-in-fact question before he considered whether Defendants owed any duty of care to Plaintiff. The trial court's judgment, in pertinent part, reads as follows:
The Court finds that any alleged actions or inactions of David Lowe in his capacity as Chief of Police of Forest Hill, Officer Glynn Dixon, and the Village of Forest Hill were not a cause in fact of the accident complained of by plaintiff. The Court further finds as a matter of law that defendants owed no duty to plaintiff, Jo Lynette Johnson.
We find this argument without merit. In order for a claimant to succeed in a negligence claim, every element of the claim must be established. The order in which the trial judge disposed of potential issues is irrelevant; the conclusion in this matter remains the same, and that is, there are no genuine issues of material fact.

CONCLUSION AND DECREE
After a review of the record, we find no genuine issues of material fact exist. Accordingly, we conclude the trial judge properly granted Defendants' motion for summary judgment and dismissed this matter with prejudice against Plaintiff. All costs of appeal are assessed to Plaintiff.
AFFIRMED.