STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1028


JOHN TERRELL FRUGE

VERSUS

ONOB, INC., D/B/A CENTURY 21
MIKE D. BONO & COMPANY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAKE CHARLES CITY COURT - NO. 07-2668
HONORABLE JOHN S. HOOD, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy and J. David Painter, Judges.


**REVERSED AND RENDERED.**


Joseph A. Delafield
3401 Ryan Street, Suite 307
Lake Charles, LA   70605
(337) 477-4655
COUNSEL FOR PLAINTIFF/APPELLEE:
    John Terrell Fruge

Patricia B. McMurray
Renee C. Crasto
Adams and Reese, LLP
450 Laurel Street, Suite 1900
Baton Rouge, LA   70801
(225) 336-5200
COUNSEL FOR AMICUS CURIAE:
    Louisiana Realtors

**Scott David Johnson**
**Louisiana Realtors**
**4638 Bennington Avenue**
**Baton Rouge, LA 70808**
**COUNSEL FOR AMICUS CURIAE:**
      **Louisiana Realtors**

**Timothy O'Dowd**
**921 Ryan Street, Suite D**
**Lake Charles, LA   70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **ONOB, Inc.**

AMY, Judge.

The defendant broker company appeals the trial court's judgment granting the plaintiff's motion for summary judgment. The defendant asserts that the trial court erred in finding that it owed a duty to the plaintiff, a prospective seller, to place deposit money given by the prospective buyer into its escrow account when the plaintiff and a prospective buyer never executed a purchase agreement. For the following reasons, we reverse and render judgment in favor of the defendant.

### Factual and Procedural Background

The plaintiff, John Terrell Fruge (Fruge), hired the defendant, ONOB, Inc. d/b/a Century 21, Mike D. Bono and Company (Bono), to sell a tract of land located in Calcasieu Parish. Negotiations began between Fruge's listing agent, Betty Sittig, and the prospective buyer of the property, Innovative Hospitality Services (IHS), who was represented by Luis DeCastro (DeCastro). DeCastro/IHS's real estate agent was Debbie Lafleur. Lafleur and Sittig were both real estate agents employed by Bono, and, thus, a dual agency relationship existed.[1]

On July 31, 2006, Lafleur met DeCastro at the Lake Charles Airport and presented him with an agreement to purchase or sell the tract of land for $550,000.00. DeCastro initialed and dated the written agreement on every page, however, he did not sign the purchaser's line. Several days later, DeCastro sent Bono a $10,000.00 deposit check, as called for in the written agreement. According to Ms. Lafleur's deposition, when she received the deposit check, she reviewed the purchase agreement and realized DeCastro had not signed the purchaser's line. Bono then placed the check into an office safe. Ms. Lafleur contacted DeCastro and informed him that his signature was not on the purchase agreement, and according to Ms.

---

[1] "'Dual agency' means an agency relationship in which a licensee is working with both buyer and seller or both landlord and tenant in the same transaction." La.R.S. 9:3891.

Lafleur's deposition, DeCastro indicated that "he just wasn't going to sign it." Some time later, DeCastro died in a plane crash, and a stop payment order was issued on the $10,000.00 check.

On October 15, 2007, Fruge filed a petition against Bono contending that Bono "owes [him] at least $10,000.00" because "[t]he conditions of the contract were met, however, the $10,000.00 was not turned over to [him]." Fruge stated that "[t]he check was not deposited in an escrow account under Louisiana law." Bono answered the petition, denying Fruge's allegations and asserting that "[t]here was never an agreed upon contract therefore the $10,000.00 was never delivered to plaintiff."

Bono then filed a motion for summary judgment, alleging that because DeCastro did not sign the purchase agreement, the parties never contracted, and therefore no obligations were due to Fruge. Bono supported his argument by citing La.Civ.Code art. 1839, which provides that "[a] transfer of immovable property must be made by authentic act or by act under private signature."

Fruge filed a cross motion for summary judgment, alleging that "but for the negligence of the Bono sales agents in failing to secure a single signature and place into their Sales Escrow Account the deposit, the matter would not be pending today." Fruge also contended that, apart from the absence of DeCastro's signature, "every requirement for sale of the Fruge property was met."

After a hearing, the trial court issued a judgment denying Bono's motion for summary judgment and granting Fruge's cross motion and awarding him $10,000.00.[2]

---

[2] In written reasons for ruling, the trial court explained as follows:

> We do not have a signed contract in this proceeding and thus, as a matter of law, we do not have a contractual basis upon which a sale of the property could be enforced. Both a contract to sell and the later actual transfer must be by authentic act.

> On a negligence basis, however, we have a different question. Debbie

2

Bono now appeals, assigning the following errors:

Lafleur, the agent of the defendant, did not acquire the buyer's signature on the offer to purchase on July 31, 2006. This signature is the primary aspect and reason for both the meeting and the preparation of the offer. We do not know why there was not a signature because Ms. Lafleur did not specifically ask him to sign. If she had asked him on that date to sign and he had refused, there would be no offer and Ms. Lafleur could testify to that fact.

The buyer initialed every page of the offer and even wrote the time of his initials but did not sign. Ms. Lafleur cannot explain why there was no signature.

The Louisiana Real Estate Commission has adopted Rules and Regulations under LA.R.S. 37:1435.

Chapter 27. Escrow and Trust Accounts Sec. 2701. Resident Broker Requirements.

". . .Except as otherwise provided in this Chapter, all funds received by a broker in connection with the sale of real estate shall be deposited in this account." (Emphasis supplied)

The money was not deposited into this account but was merely placed in an office safe until much later a stop payment order was received upon the death of Luis Castro.

. . . .

Despite the mandatory language of Sec. 2701 "all" funds were not deposited into the escrow account. Thus the plaintiff was never allowed to negotiate for those funds under Section 2715.A.1. Nor was the plaintiff allowed to pursue those funds in court by a concursus under Section 2715.A.3 and 4.

This was a dual agent designated agency. A duty is owed to both clients of the agency. By not depositing the check the seller of the property was allowed to pursue those funds. That favored the proposed buyer over the seller.

The court recognizes that purchasers (and sellers) change their minds all the time. The very essence of the deposit is to show good faith and intent on both parties to be bound. By not depositing the check into the escrow and trust account, it made it too easy for the proposed purchaser to change his mind if he ever intended to be bound in the first place. It is curious that he did not sign the contract but did send in the deposit. Without the money being in escrow there would have possibly been no reason for further negotiation.

Courts in this state are allowed to use the Rules and Regulations of state agencies as guidelines in a determination of negligence. The Court finds that ONOB, d/b/a Century 21 Mike D. Bono and Company was negligent in this proceeding by not depositing the check in its escrow account. The Motion for Summary Judgment of John Terrell Fruge is granted. The Motion for Summary Judgment of defendant is denied. The sum of Ten Thousand and no/100 ($10,000.00) Dollars is awarded to John Terrell Fruge together with legal interest from date of demand and all costs.

3

I. The Trial Court committed reversible error finding Bono acted negligently by failing to deposit [IHS]'s check into its real estate escrow account despite the fact that the unrefuted evidence showed that [IHS] and Fruge never got beyond negotiations, never had an offer and acceptance, did not execute an Agreement to Purchase and Sell, did not enter any real estate transaction, and neither Fruge nor anyone else had any interest in [IHS]'s check.

II. The Trial court committed reversible error assessing damages without any evidence of damages being presented.

## Discussion

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B) states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." In *Boykin v. PPG Industries, Inc.*, 08-117, p. 4 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, 842, *writs denied*, 08-1634 and 08-1649 (La. 10/31/08) 994 So.2d 537, this court explained the standard of review applicable to motions for summary judgment, stating:

> Appellate courts review a trial court's grant or denial of a motion for summary judgment using the de novo standard of review, under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate in any given case. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.

*Merits*

The defendant asserts that the trial court erred in finding that it owed a duty to place the $10,000.00 into escrow absent a properly executed agreement to purchase or sell and, accordingly, in failing to dismiss the plaintiff's claim. As explained below, we find merit in this argument.

4

We note that the trial court correctly determined that the parties did not execute a valid agreement to purchase or sell in light of DeCastro's failure to sign the document. Depsite DeCastro's partial completion of the document, the contract is deficient in vital respects. Namely, it contains no notation in the area of the form indicating it was "accepted as written," "accepted as amended on addendum," "accepted as amended or countered," or "rejected." Rather, the adjacent boxes remained unfilled. And, as stated, it lacks the "purchaser's signature." Louisiana Civil Code Article 1839 provides, in pertinent part, that "[a] transfer of immovable property must be made by authentic act or by act under private signature." Accordingly, the trial court did not err in determining that the plaintiff failed to demonstrate that he could prove a contract claim at trial.

*Duty/Risk*

Otherwise, the plaintiff argued he would be able to recover for negligence due to what he contends was the defendant's responsibility to deposit the check into an escrow account and/or to ensure the completion of the agreement to purchase or sell.

Louisiana Civil Code Article 2315 provides the foundation for negligence claims in Louisiana. This article states, in part, that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Negligence claims are examined using a duty/risk analysis, wherein the plaintiff must prove each of the following elements: (1) the defendant's conduct was cause in fact of the plaintiff's injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of plaintiff's injuries; and (5) plaintiff sustained actual damages. *Perkins v. Entergy Corp.*, 00-1372 (La. 3/23/01), 782 So.2d 606. In order to succeed

5

in a negligence claim, every element of the claim must be established. *Johnson v. Gilmore*, 99-1300 (La.App. 3 Cir. 4/5/00), 771 So.2d 662, *writ denied*, 00-1300 (La. 6/16/00), 765 So.2d 341.

The plaintiff relies on Chapter 46, Section 2701 of the Louisiana Real Estate Commission's Rules and Regulations, for the proposition that Bono had a duty to deposit the $10,000.00 into an escrow account. This regulation provides:

> A. A resident broker, including corporations, partnerships and limited liability companies, engaged in the sale of real estate on behalf of clients shall open and maintain a sales escrow checking account in a financial institution in the state of Louisiana. . . . Except as otherwise provided in this Chapter, **all funds received by a broker in connection with the sale of real estate shall be deposited in this account.**

(Emphasis added).

The plaintiff contends that, because the $10,000.00 check related to a sale, Bono had a duty, under the above regulation, to deposit it into an escrow account. This assertion lacks merit. The regulation refers generally to "funds" and to "the sale of real estate." Yet, the plaintiff failed to produce evidence indicating that he would be able to demonstrate that there was a contract regarding a sale of real estate. Instead, the parties' submissions indicate that the parties never proceeded past the point of an incomplete agreement to purchase and sell. Furthermore, the purpose of the $10,000.00 check can only be surmised by reference to the agreement to purchase and sale, that was not executed, as it contains the following provisions:

> DEPOSIT: Upon acceptance of this offer, the SELLER and PURCHASER shall be bound by all terms and conditions and PURCHASER becomes obligated to deposit immediately with SELLER'S Agent/Broker the sum of TEN THOUSAND DOLLARS FOR OPTION TO PURCHASE TO BE PAID TO THE SELLER (AND WILL BE NON-REFUNDABLE UNLESS BUYER INSPECTION PROVES HE CANNOT DEVELOP AND BUILD A MINIMUM OF 50, 1500 SQ. FT. HOMES ON SAID PROPERTY. dollars ($10,000.00), by Check to be applied to the sale price and/or closing costs, at Act of Sale.

6

Failure to do so shall be considered a breach of this Agreement. The deposit is to be considered earnest money and is to be placed in the listing Broker's non-interest-bearing escrow account. This deposit is to be placed in any Federally insured Banking or Savings & Loan Association without responsibility on the part of Agent/Broker in cases of failure or suspension of such institution.

. . . .

OTHER CONDITIONS OF SALE include the following. . . .

2. BUYER TO GIVE SELLER 10,000 CASH OPTION TO PRUCHASE UPON ACCEPTANCE. THIS IS NON-REFUNDALE UNLESS BUYER IS PROHIBITED FROM BUILDING MINIMUM OF 50 HOME (1500 SQ. FT. EACH ON SAID PROPERTY.

- BUYER TO DO ALL INSPECTIONS BY AUGUST 31,2006

- UPON APPROVAL OF THESE INSPECTIONS BY BUYER, SELLER TO BE GIVEN THE $10,000 THAT IS BEING HELD BY CENTURY 21 MIKE D. BONO IN ESCROW.

Again, however, this agreement was not finalized. The plaintiff failed to demonstrate any other basis in negligence on which he would be able to recover. He contends that, but for the agent's failure to ensure the completion of the agreement to purchase and sell, the check would have been placed into escrow, and he could have pursued his claim through a concursus proceeding. This argument is speculative at best and assumes that DeCastro intended to complete the document. However, the submissions in evidence only that DeCastro did not complete the entirety of the agreement to purchase and sell. His intent to fully execute the agreement cannot be derived from these documents. Rather, according to Ms. Lafleur, DeCastro reported that he was not going to sign the document. Accordingly, we find that the plaintiff did not carry his burden of proving genuine issues of material fact regarding either the existence of a duty or a breach of that duty.

7

For these reasons, we find that the trial court erred in the granting of the plaintiff's motion for summary judgment and in the denial of the defendant's motion for summary judgment. We enter judgment accordingly.

## DECREE

For the foregoing reasons, the trial court's judgment granting the plaintiff's motion for summary judgment and denying of the defendant's motion for summary judgment is reversed. We grant the defendant's motion for summary judgment, dismissing the plaintiff's petition. All costs of this appeal are assessed to the plaintiff.

**REVERSED AND RENDERED.**