# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-431


FRED JONES

VERSUS

JUDY S. BOUDREAUX, ET AL.



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2015-5045
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO
## JUDGE

\*\*\*\*\*\*\*\*\*\*



Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.



**AFFIRMED.**

**Joy Cantrelle Rabalais**
**H. Edward Barousse, III**
**Jordan John Henagan**
**Grant R. Schexnailder**
**K. Elizabeth Heinen**
**Borne, Wilkes & Rabalais, L.L.C.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**City of Scott**
**Scott Business Association, Inc.**

**Anthony M. Fazzio**
**Attorney at Law**
**4906 Amb. Caffery Pkwy.**
**Building J - Suite 1000**
**Lafayette, LA 70508**
**(337) 406-1122**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Fred Jones**

**Hoai T. Hoang**
**Voorhies & Labbe**
**700 St. John, 5th Floor**
**Lafayette, LA 70501**
**(337) 232-9700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Gramercy Insurance Company**
**GoAuto Insurance Company**
**Judy S. Boudreaux**

**ORTEGO, Judge.**

In this pedestrian-automobile accident case, Plaintiff, Fred Jones ("Jones"), sued the City of Scott, Scott Business Association, Inc. ("SBA"), Judy S. Boudreaux ("Boudreaux"), the driver of the vehicle that injured him, and her insurer.

This appeal concerns only Plaintiff's claims against the codefendants, the City of Scott and the SBA, the nonprofit cosponsor of the Mardi Gras parade held in Scott on February 8, 2015. Following a hearing, the trial court granted motions for summary judgment in codefendants' favor, dismissing Plaintiff's claims against them. Plaintiff appeals.

## FACTS AND PROCEDURAL HISTORY

The accident giving rise to the personal injuries alleged by Jones occurred at approximately 10:30 a.m. the morning of February 8, 2015, when Jones was allegedly injured in a third-party motor vehicle accident, while Jones was walking toward the Mardi Gras parade route in the City of Scott. The Mardi Gras parade scheduled for later that day was cosponsored by the City of Scott and the SBA.

Jones arrived in Scott, Louisiana, at approximately 10:00 a.m., more than two and a half hours prior to the Mardi Gras parade scheduled to commence at 1:00 p.m. Jones and his companion, Joseph Monette, arrived early to visit with friends before the parade and were walking east on Delhomme Avenue. According to Jones's allegations, he sustained a broken leg when he was struck by the vehicle operated by Boudreaux. The accident occurred on a two-lane road running perpendicular to the eventual parade's route. The record shows that the accident did not occur on the planned parade route or in the parade's staging area.

Jones filed this litigation against the City of Scott and SBA (collectively Defendants) under two alternate theories. First, Jones maintained that Defendants,

who collaborated to produce the parade, failed to adhere to their joint Mardi Gras parade plan's requirement that they block the nearby intersection of Apollo and Delhomme Streets. Alternatively, Jones maintained that Defendants' joint plan failed to include such a provision.

Following discovery, Defendants moved for summary judgment contending that Jones failed to establish any duty, causation, or fault by Defendants with respect to the unrelated motor vehicle accident, and any alleged injuries that flowed from Boudreaux's negligent operation of her motor vehicle some two and a half hours prior to the parade.

On February 22, 2022, a hearing was held on Defendants' motion, after which the trial court ruled in Defendants' favor, finding that there was no genuine issue of material fact as to the cause of the accident. A judgment to this effect was signed April 1, 2022. This appeal followed.

## ASSIGNMENTS OF ERROR

Plaintiff appeals the trial court's summary judgment by assigning two errors on appeal.

1. The trial court erred as a matter of law by weighing the evidence rather than determining whether there is a genuine issue of material, triable fact.

2. The trial court erred as a matter of law by disregarding disputed material facts.

## LAW AND DISCUSSION

*Standard of Review*

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Reynolds v. Bordelon*, 2014-2371, pp. 2-3 (La. 6/30/15), 172 So.3d 607, 610; La. C.C.P. art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any

2

> genuine issue of material fact, and whether the movant is
> entitled to judgment as a matter of law. *Id.* at 3, 172 So.3d at
> 610.
>
> A motion for summary judgment will be granted "if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to material fact, and that
> mover is entitled to judgment as a matter of law." La. C.C.P.
> art. 966(B). The burden of proof remains with the movant.
> However, if the movant will not bear the burden of proof at
> trial on the matter that is before the court on the motion for
> summary judgment, the movant's burden on the motion does
> not require him to negate all essential elements of the adverse
> party's claim, action, or defense, but rather to point out to the
> court that there is an absence of factual support for one or
> more elements essential to the adverse party's claim, action, or
> defense. Thereafter, if the adverse party fails to produce
> factual support sufficient to establish that he will be able to
> satisfy his evidentiary burden of proof at trial, there is no
> genuine issue of material fact. La. C.C.P. art. 966(C)(2).

*Caldwell v. St. Charles Gaming Co.,* 19-1238, pp. 5-6 (La. 1/29/20), 347 So.3d
562, 565–66.

## DISCUSSION

Taken together, the crux of Jones's argument on appeal is that the trial court
impermissibly evaluated the weight of the evidence presented, when it should have
instead determined that the evidence presented a genuine issue of material
concerning Defendants' fault that should be decided by a trial on the merits. Jones
argues that he presented evidence and "including fourteen (14) distinct facts in
controversy," along with "an expert affidavit that offered an alternative theory of
the cause, duty and fault of the accident and injury." Jones maintains that within
this evidence presented to the trial court, there is "a genuine issue of material,
triable fact" by which the trial court might find Defendants answerable in tort.

Defendants, City of Scott and SBA, counter this argument. They maintain
that Plaintiff failed to raise a genuine issue of material fact that might have allowed
Jones's case to proceed to trial, specifically pursuant to the sworn testimony of the

3

third-party driver, Boudreaux, that the parade did not have anything to do with this accident, or her decision to reverse and turn around at that intersection, causing her accident with Plaintiff.

## DUTY OF CITY OF SCOTT AND SBA

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ. Code art. 2315(A). To prevail on a negligence claim, the Plaintiff must prove five separate elements:

> *(1) the defendant had a duty to conform his conduct to a specific standard (the duty element);*
>
> (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);
>
> (3) *the defendant's substandard conduct was a cause-in-fact of the Plaintiff's injuries (the cause-in-fact element)*;
>
> (4) *the defendant's substandard conduct was a legal cause of the Plaintiff's injuries* (the scope of liability or scope of protection element); and
>
> (5) actual damages (the damages element).

*Roberts v. Benoit*, 605 So.2d 1032, 1051 (La.1992), (on reh'g) (May 28, 1992), (quoting *Fowler v. Roberts*, 556 So.2d 1, 4 (La.1989)) (emphasis added).

Referring to these criteria:

> The fourth element, the legal causation or scope of duty inquiry, "assumes a duty exists and questions whether the injury the Plaintiff suffered is one of the risks encompassed by the rule of law that imposed the duty." *Chaisson v. Avondale Indus.*, Inc., 05-1511, p. 24 (La. App. 4 Cir. 12/20/06), 947 So.2d 171, 188 (quoting *Roberts v. Benoit*, 605 So.2d 1032, 1044 (La. 1991)).

*Harris v. Boh Bros. Constr. Co.*, LLC, 20-248, p. 25 (La.App. 4 Cir. 5/26/21), 322 So.3d 397, 415, *writ denied*, 21-910 (La. 10/19/21), 326 So.3d 254.

With the emphasized elements in mind, we must ascertain whether, under the facts presented, Defendants owed Jones a legal duty, and, if so, whether that

4

duty encompassed the risk that a pedestrian, such as Jones, might be harmed by a third party driver's negligence, several hours before the parade was scheduled to start in Scott, Louisiana, on a road outside of the eventual parade's route.

*A. Third Party Driver's Negligence*

As Defendants point out in brief, Boudreaux acknowledged, in her sworn deposition testimony, that no actions taken by Defendants contributed to her decision to reverse her vehicle and turn around, thus striking Plaintiff.

Rather, Boudreaux testified that she had knowledge of the parade later that day and had no plans to attend it. She testified that the only reason she chose to turn around was that she was in a hurry to get to her sister's home. By Boudreaux's own admission, her actions were influenced neither by the placement of a barricade nor by the directions or actions of any police officer or employee of the City of Scott, or any employee or volunteer of SBA in the vicinity of the accident. Boudreaux stated as follows:

> Q. Okay. Did you notice, at this point, if there were any barricades up'?
>
> A. There was a barricade on Delhomme.
>
>  . . . .
>
> Q. On Delhomme? Was it near where the accident occurred?
>
> A. No.
>
> Q. Before the accident, do you recall seeing any police officers?
>
> A. No.

Boudreaux further testified and acknowledged that she alone was at fault for causing the accident.

> Q. And the sole reason you went in reverse was to try to get around traffic?

5

A. Yes.

In short, the record is clear that Boudreaux placed her vehicle in reverse prior to her reaching the complained of intersection, and that there were no police officers or other parade officials at the intersection of Apollo and Delhomme directing traffic at the time of the accident. Therefore, Boudreaux's decision was not made or influenced by any instructions or at the direction of a police officer, city employee, or member of SBA, but rather, her choice was made solely of her own accord due to her admittedly being in a hurry and her determination to avoid traffic.

*B. Expert Witness*

Next, we turn to Jones's position that his expert's testimony should have led the trial court to conclude that a trial was required to determine whether Defendants owed a duty to Jones to create safeguards that would have prevented his injury. After a review of this record, we disagree.

"The factual basis for an expert opinion determines the credibility of the testimony." *Miramon v. Bradley*, 96-1872 (La.App. 1 Cir. 9/23/97), 701 So.2d 475, 478. Louisiana Code of Evidence Article 702 (emphasis added) states, in pertinent part:

> A. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > *(2) The testimony is based on sufficient facts* or data;
> >
> > (3) The testimony is the product of reliable principles and methods; **and**
> >
> > (4) The expert has reliably applied the principles and methods *to the facts of the case*.

6

While Plaintiff's expert, Doug Robert, opined that there was a "critical flaw" in the lack of pre-parade traffic control and safety coordination at the main entrance intersection feeding the float staging area, the evidence in the record shows otherwise. The record clearly establishes that this accident occurred at a different intersection than the intersection feeding the float staging area. Nor can Plaintiff's expert convince us that this rural parade's organizers were legally compelled to activate their traffic control plan, off the parade route, and more than two hours before the parade was scheduled to start.

As we have found and stated herein above, the evidence clearly establishes that the motor vehicle accident which injured Plaintiff was caused solely by Boudreaux's negligence, and thus without any duty or negligence by either the City of Scott or SBA. Regardless of the expert testimony, the accident and resulting injuries allegedly suffered by Plaintiff was clearly caused by Boudreaux's independent actions alone. Therefore, the expert affidavit introduced by Plaintiff did not, by law or fact, create a genuine issue of material fact.

### C. Parade Duty

Louisiana law does not require the City of Scott to be the guarantor of every individual's safety and/or responsible for all actions or injuries occurring within the City, near the parade route, and hours before the start of the parade. See *Johnson v. Gilmore*, 99-1300 (La.App. 3 Cir. 4/5/00), 771 So.2d 662; *Savoy v. Terrebonne Men's Carnival Club, Inc.*, 01-1441 (La.App. 1 Cir 10/2/02), 835 So.2d 664, *writ denied,* 02-2723 (La. 1/10/03), 834 So.2d 441.

After a careful review of the record before us, we find that the evidence is clear that the parade was not scheduled to start for another two hours, so regardless of any duty the City of Scott or SBA might have assumed later that day, that duty did not exist at the time of the accident.

7

We further find that, at the time of this motor vehicle accident no one from the City of Scott or the SBA was actively engaged with Boudreaux, nor relied upon by Boudreaux, thus, the Defendants purported "actions or inactions" cannot be found or extended to be a possible cause-in-fact of Plaintiff's accident or injuries.

In granting summary judgment in favor of the two Defendants, the trial court's well-reasoned judgment concluded that, as a matter of law, no liability attached to either the City or SBA for failing to secure the area where the accident occurred, off the parade route, at 10:30 a.m., which occurred some two and a half hours before the parade was scheduled to begin. The trial court found and stated:

> Okay. Well, in preparation for this motion I reviewed all of the evidence that was submitted by both sides, including the deposition of Ms. Boudreaux, the deposition of Mr. Jones, the deposition of Mr. Monet, the deposition of Mary Hebert, that of Scott Police Officer Larry Williams. Also, the deposition of Chief Leger, the affidavit of Robert Douglas, the deposition of Keith Theriot, and the traffic report. After reviewing all of those documents and in light of today's arguments, these are the list of facts that the Court's determined to be undisputed: The time of the parade was 1:00 p.m. The accident occurred at 10:33 a.m., approximately 2.5 hours prior to the parade. There were no barricades blocking the streets at the time of the accident; the barricades were not put out to block the streets until noon. No one stated they saw any floats in the area. Judy Boudreaux's car was the third car in line at the stop sign at the time of the accident. The intersection of Delhomme and Apollo was not blocked by a barricade; no one saw a barricade at that location and one was not placed there. Ms. Boudreaux stated she saw a barricade up ahead as she traveled down Delhomme toward her sister's house thinking that the barricade could prevent her from continuing down Delhomme. She turned around and headed back the opposite direction towards Apollo. As she approached the stop sign at the intersection of Delhomme and Apollo, she realized other cars were traveling past the barricade, which was now behind her. Realizing the barricade did not cause an impediment, she decided to turn around a second time and this is when the accident occurred. Ms. Boudreaux decided to back up and follow her original route and that is when the accident occurred, not because of a barricade or a traffic jam ahead of her.

8

There is no evidence that Judy Boudreaux was stopped at the stop sign for any appreciable length of time. Both Monet and Jones stated that when they first saw Ms. Boudreaux, she was approaching them coming from the opposite direction headed to the stop sign. Ms. Boudreaux passed them and they kept walking in the opposite direction. Ms. Boudreaux says that Mr. Jones was only about a car's length behind her when the accident occurred. There is no evidence that Mr. Monet or Mr. Jones had stopped walking and were standing behind Ms. Boudreaux's car, so clearly Ms. Boudreaux was not stopped at the stop sign for very long before she decided to back up and turn around.

Ms. Boudreaux made the decision to back up on her own, nobody directed her to back up. Neither Jones nor Monet say anyone directed Boudreaux to back up. The location where this accident happened was not on the parade route. Boudreaux, Monet, and Jones all stated they saw a man on the corner of Delhomme and Apollo. Boudreaux and Monet both remember he had on an orange vest; Jones only remembers a grey uniform. Boudreaux and Jones both said he was just standing there looking around and did not see him directing anyone. Monet said he was directing people, but then says he figured that that was what he was doing because he had on an orange vest. Either way, this is not a material fact because it played no part in Boudreaux's decision to put the car in reverse and there is no evidence that any person in an orange vest affected traffic flow in any way. It played no part in this accident.

Only police officers have authority to direct traffic and they do not wear orange vests. SBA members do wear orange vests, but they do not direct traffic. Based on the foregoing, this Court finds, regardless of the applicability of the immunity statutes, there are no genuine issues of material fact that actions of either the SBA or the City of Scott, their agents, servants, or employees were a cause [in] fact of this accident.

We agree, and as supported by the record find that Defendants' actions did not constitute any cause in fact of this motor vehicle accident, or its alleged resulting injuries to Plaintiff.

We find that, under the circumstances presented by the record before us, to adopt Plaintiff's arguments would effectively place a duty on Defendants, or like parade organizers, that extend into untold times in the past and future, so as to establish liability any time a person may be injured anywhere near a mapped

parade route. We decline to do so. Therefore, we conclude that even if Defendants would have owed Plaintiff such a duty, that duty did not extend to cover an unrelated motor vehicle accident, or sustained injuries due to the negligence of a third-party driver several hours prior to the commencement of the scheduled parade.

Accordingly, under the specific facts presented by the record, we affirm the judgment of the trial court and find no merit to either of Plaintiff's assigned errors. Therefore, we need not address Defendants' alternate defense that the trial court's dismissal should be upheld on grounds of statutory immunity, pursuant to La.R.S. 9:2796 and 9:2798.1.

## CONCLUSION

After a careful review of the record before us, we conclude that the record lacks any issue of material, triable fact that could lead a trier of fact to find Defendants-Appellees, City of Scott or SBA, answerable in tort under the facts presented as to this motor vehicle accident which caused Plaintiff's injuries and his alleged damages.

## DECREE

For the reasons set forth herein, the motions for summary judgment the trial court granted in favor of the City of Scott and the Scott Business Association, Inc. are affirmed, with all costs assessed to Plaintiff, Fred Jones.

**AFFIRMED.**

10