VICTORY, J.
| ]This writ application involves the admissibility of a video deposition taken to perpetuate testimony where the deposition was halted due to the deponent’s failing health and fatigue, and the deponent died before his deposition could be continued and before he could be cross-examined by opposing counsel. After reviewing the record and the applicable law, we find that while most of the video deposition is inadmissible, parts of the deposition are admissible under an exception to the hearsay rule. Accordingly, we reverse the judgment of the district court in part and affirm in part.
FACTS AND PROCEDURAL HISTORY
In March 2007, Joseph C. Trascher (Mr. Trascher) filed a petition in the district court seeking an ex parte order to perpetuate his testimony, alleging that he had been diagnosed with asbestosis in August 2006, and that it was unlikely that he would survive more than another six months.[1] Mr. Trascher also alleged he sustained occupational exposures to asbestos while working as a tack welder at the Avondale Shipyard from 1960 to 1964, and at the Equitable Shipyard from 1965-1974. He |grequested service on these parties and a number of other parties he identified as expected defendants in his anticipated suit for damages.[2] The district court granted the ex parte order and the videotaped perpetuation deposition was scheduled for April 3, 2007, at Mr. Trascher’s home.
The deposition began at 2:20 on April 3, 2007, and most of the potential defendants *361 were present through counsel. Mr. Trascher testified about the effects of the failing state of his health and the circumstances of his exposure to asbestos at Avondale. After 15 minutes of direct examination by his attorney, Mr. Trascher indicated he was too fatigued to continue and the deposition was recessed, followed by a discussion by counsel:
PLAINTIFF COUNSEL:
Again, this is Jeff Burg on the record. We just took a break for Mr. Trascher. At this time he’s extremely exhausted. We had to turn up the oxygen. And he just cannot complete this deposition today. We’re certainly going to hold it open. We didn’t get through the work history and some other things that I would like to complete, and I know all defense counsel may have some questions. This may be a situation we may have to do this a few more times. But we have to abide by Mr. Trascher’s wishes during this deposition. And at this time I’m going to conclude the deposition. If anybody would like to put anything on the record at this time, that’s fine, but at this time we’re just going to conclude the deposition.
DEFENSE COUNSEL:
Jeff, you’re going to recess the deposition? It’s not concluding it?
PLAINTIFF COUNSEL:
Mr. Schuette corrected me. And it is correct, I’m not concluding it in the sense of ending it. We’re just going to recess it until another time, in which Mr. Trascher’s in better condition to continue this deposition.
1 .DEFENSE COUNSEL:
This is Gary Lee. For the record, while we have no objection whatsoever to recessing at this time — we certainly respect Mr. Trascher’s situation and his condition — at the same time, I need to reserve all rights to either have an opportunity to continue this deposition at another time to conduct cross-examination and to explore other potential exposures. If that opportunity is not forthcoming, we reserve our rights to ask that the deposition as it stands be stricken in its entirety for the inability of defense counsel to conduct any cross-examination.
[All defense counsel join in that objection.]
The deposition was never completed as Mr. Trascher died eight days later, on April 11, 2007.
Plaintiffs[3] filed suit against numerous defendants in August 2007, asserting survival and wrongful death claims arising out of Mr. Trascher’s illness and death allegedly caused by his work place exposure to asbestos. Avondale[4] was a named defendant as Mr. Trascher’s employer at one of the five work sites where Mr. Trascher was exposed. In May 2011, plaintiffs moved for summary judgment against Avondale and its insurer, relying in part on Mr. Trascher’s video deposition testimony. Avondale opposed the motion, and moved to strike the deposition from consideration in connection with the summary judgment motion, and for an in li-mine order precluding its admission into evidence against them for any purpose, in- *362 eluding trial, on the grounds that the deposition was incomplete and that no defendant had been afforded the opportunity to cross-examine Mr. Trascher. All the motions were heard together. The motion for summary judgment was denied. The motion to strike the deposition was also denied, with the trial court further ruling that “I’m going to |4allow the deposition to be read at trial.” The court’s questions to counsel reflect that it based its decision to admit the deposition on its apparent understanding that Mr. Trascher was not the only one who was going to be able to testify as to the facts Mr. Trascher alleged in his deposition. The Fourth Circuit declined to exercise its supervisory jurisdiction on the showing made. Trascher v. Territo, 11-0891 (La.App. 4 Cir. 8/25/11), — So.3d -. We granted Avondale’s writ application to determine the admissibility of the video deposition at trial. Trascher v. Territo, 11-2093 (La.12/16/11), 76 So.3d 1187.
DISCUSSION
A ruling on the admissibility of evidence is a question of law and is not subject to the manifest error standard of review. Frank L. Maraist, Louisiana Civil Law Treatise: Evidence and Proof, Vol. 19, § 2.10, p. 36. A party may not complain on appeal about an evidentiary ruling in the trial court unless the trial judge was given the opportunity to avoid the perceived error, and the ruling “affected” a “substantial right” of the party. Id. (Citing La. C.E. art. 103(A)(1)).
Defendants, argue that the substantial right that was affected by this evidentiary ruling is their right to cross-examine the witness. While a defendant’s right to confront his accusers in a criminal case is guaranteed by the Confrontation Clause of the Sixth Amendment of the United States Constitution, “the importance of cross-examination cannot be minimized” in civil cases. Garza v. Delta Tau Delta Fraternity Nat., 05-1508 (La.7/10/06), 948 So.2d 84, 90, and n. 12. Where opposing party never has the opportunity to cross examine the deponent, troubling ramifications are presented because this violates a party’s fundamental right to cross-examine witnesses against him. Indeed, one of the basic reasons for excluding | ¿hearsay testimony, is that “there is no opportunity for cross-examination.” Id. at 90 (citing Donnelly v. U.S., 228 U.S. 243, 273, 33 S.Ct. 449, 459, 57 L.Ed. 820 (1913)).
Plaintiffs claim the deposition is admissible as a deposition taken to perpetuate testimony. Articles 1429-1432 of the Louisiana Code of Civil Procedure govern the requirements for the taking of a deposition to perpetuate testimony. Article 1429 contains the requirements of the petition for the perpetuation of testimony.[5] *363 Notice must be given to all expected adverse parties, and if timely notice cannot be given, the court “shall appoint ... an attorney who shall represent them, and, in case they are not otherwise represented, shall cross examine the deponent.” La. C.C.P. art. 1430. An ex parte order granting the perpetuation of testimony may be issued under the following circumstances:
(1) The facts set forth in the petition show the desire to perpetuate testimony is based upon a reasonable belief that there is a substantial possibility that the person whose testimony is sought will die or be too incapacitated to testify before a contradictory hearing can be held; and
(2) The interest of justice requires the immediate perpetuation of the testimony.
lfiLa. C.C.P. art. 1430.1. The deposition to perpetuate testimony “may be used in any action involving the same subject matter subsequently brought in any court of this state, in accordance with the provisions of Article 1450.” La. C.C.P. art. 1432.[6]
La. C.C.P. art. 1450 provides in pertinent part:
A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
(a) That the witness is unavailable;
(b) That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
(c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which, in fairness, should be considered with the part introduced, and any party may introduce any other parts.
C. Conflicts between this Article and Code of Evidence Article 804, regarding the use of depositions, shall be resolved by the court in its discretion.
The thrust of La. C.C.P. art. 1450, particularly Paragraph A, seems to be that the party against whom a deposition is sought to be used must have been afforded a 17meaningful opportunity to cross-examine the deponent. La. C.C.P. art. 1450 states that the admissibility of any deposition, including a deposition offered because the witness is unavailable, is dependent on whether the deposition would be admissible under the Code of Evidence as if the *364 witness were present and testifying at trial. La. C.C.P. art. 1450(A). Clearly, if a witness provides testimony at trial but the opposing party never is given the opportunity to cross-examine him, there would be grounds to strike the testimony given. Further, the reference in La. C.C.P. art. 1450(C) to La. C.E. art. 804, which provides the very limited circumstances in which hearsay evidence is admissible at trial when the declarant is unavailable as a witness, is a recognition by the Legislature that the admissibility of a deposition where the deponent is unavailable could conflict with the hearsay rule, and particularly the limited exceptions provided by La. C.E. art. 804. As explained herein, one of the reasons hearsay is excluded is because the credibility of the statement cannot be tested by cross-examination. Further, the necessity of an opportunity for cross-examination is evident from the notice provisions of La. C.C.P. art. 1430, which provide that if a party cannot be given timely notice of a deposition to perpetuate testimony, the court must appoint an attorney to represent that party who “shall cross examine the deponent.” Thus, for this deposition to be admissible under La. C.C.P. art. 1450, the opposing party would have to have been given the opportunity to cross-examine the witness.[7] Because defendants did not have this opportunity, the testimony is inadmissible as a deposition under La. C.C.P. art. 1450.
Thus, as out of court statements, the admissibility of his statements are governed by the hearsay rule. Hearsay is “a statement, other than one made by the | sdeclarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. art. 801 C. Hearsay is inadmissible “except as otherwise provided by this Code or other legislation.” La. C.E. art. 802. Hearsay is excluded because the value of the statement rests on the credibility of the out-of-court asserter who is not subject to cross-examination and other safeguards of reliability. State v. Brown, 562 So.2d 868, 877 (La.1990); State v. Martin, 458 So.2d 454 (La.1984). However, when an extrajudicial declaration or statement is offered for a purpose other than to establish the truth of the assertion, its evidentiary value is not dependent upon the credibility of the out-of-court asserter and the declaration or statement falls outside the scope of the hearsay exclusionary rule. Id.
Plaintiffs claim that the deposition is admissible under three hearsay exceptions. Two are found in La. C.E. art. 804, which governs the admissibility of hearsay statements where the declarant is “unavailable,” which obviously includes the situation where the declarant is dead at the time of trial. La. C.E. art. 804(A)(4). The other is found in La. C.E. art. 803, which governs the admissibility of hearsay statements regardless of the availability of the declarant.
First, plaintiffs claim that the deposition testimony is admissible under La. C.E. art. 804(B)(2) as a “statement under belief of impending death,” which is “[a] statement made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.” This “dying declaration” exception was adopted from the common law, which developed the exception based upon a reasoning that “a person would not be likely *365 to lie as he or she prepared to meet the Maker.” Maraist, supra, § 10.9, p. 254. This applicability of this exception is determined not by the substance of the statement, but by the circumstances under which the statement was made. It is the | fldeclarant’s subjective belief in the imminence of his death that provides the independent indicia of reliability that warrants the admission of the statement. However, “[although a declarant is seriously ill for a time prior to her eventual death, not all communications made while ill or depressed are admissible under the dying declaration exception.” Garza, supra at 94. To fall under this exception, “fear or even belief that illness will end in death will not avail of itself to make a dying declaration” and “there must be ‘a settled hopeless expectation’ that death is near at hand, and what is said must have been spoken in the hush of its impending presence.” Id. at 94-95 (citing Shepard v. U.S., 290 U.S. 96, 99-100, 54 S.Ct. 22, 23-24, 78 L.Ed. 196 (1933)). We have held that spontaneity is important in a dying declaration exception and that the use of the words “impending” and “imminent” in La. C.E. art. 804(B)(2) “require that a mortal wound or injury be inflicted at the time of the statement.” Garza, supra at 96, 98. In this case, a scheduled deposition taken because the deponent was not expected to live more than six months does not qualify under the dying declaration exception. Mr. Trascher did not believe his death was “imminent” as that term is contemplated in the dying declaration exception and thus the circumstances under which the statements were made lack the indicia of reliability that would warrant its admissibility. Further, all in attendance, apparently including Mr. Trascher, believed the deposition would be continued at some time in the future.
Plaintiffs next claim that Mr. Trascher’s deposition testimony contains certain statements that are admissible as an exception to the hearsay rule under La. C.E. art. 803(3), which provides as follows:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
I m(B) Then existing mental, emotional, or physical condition. A statement of the declarant’s then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), offered to prove the de-clarant’s then existing condition or his future action. A statement of memory or belief, however, is not admissible to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declar-ant’s testament.
A review of the video shows Mr. Trascher in a hospital type bed, hooked up to oxygen, obviously in very poor health and struggling to breathe. After answering general questions about deposition procedures and stating his name and where he lives, Mr. Trascher is asked the following question: “And today how do you feel?” In response, Mr. Trascher answers:
A. Awful. I feel awful, like every day. I wake up in the morning. It’s the same, same thing all the time. I’m locked up in this room here. I’m locked up in this little room. I was hoping— hoping — I was hoping to go fishing with my grandchildren and fishing and hunting and watch them grow up to be healthy Christians. That was my biggest dream. Now I’m not going to be able to see — I’m not going to be able to see a thing. I love my grandchildren. And I really thought — I retired 66, one year, and then this comes on me.
*366 Plaintiffs claim the above statement is admissible under La. C.E. art. 808(3) and we agree. The testimony fits squarely within that exception as it is a statement of Mr. Trascher’s then existing state of mind and physical condition offered to prove his then existing condition. He is clearly in very poor health, having trouble breathing, depressed that he is confined to a hospital bed and upset that he will die without getting the chance to be with his grandchildren as they grow up. This information is highly relevant in a wrongful death and survival action and plaintiffs are entitled to present this facet of their case and are entitled to have the fact finder consider the weight of this evidence. This portion of the video deposition is admissible under La. C.E. art. 803(3).
|nFor the rest of the deposition, Mr. Trascher testifies that he is mad and disappointed at the people who made asbestos, that asbestos caused his disease, and that “they” knew about it all along. He also describes his work at Avondale, his recollections of asbestos in his work environment and his exposure to it, and the lack of safety precautions taken at Avondale relative to asbestos. Plaintiffs plan to introduce this testimony to prove the truth of those matters. These statements fall under no specific exception to the hearsay rule and will only be admissible if they fall under the “residual” hearsay exception of La. C.E. art. 804(B)(6), which provides:
B. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(6) Other exceptions. In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it. If, under the circumstances of a particular case, giving of this notice was not practicable or failure to give notice is found by the court to have been excusable, the court may authorize a delayed notice to be given, and in the event the opposing party is entitled to a recess, continuance, or other appropriate relief sufficient to enable him to prepare to meet the evidence.
This exception exists to provide a trial court with discretion to admit a statement by an unavailable declarant which is not specifically covered by any other hearsay exception, if the statement was made under sufficient assurances of trustworthiness, the evidence in the statement generally is otherwise unavailable, and the opponent is given a fair opportunity to meet the evidence in the statement. 112Maraist, supra at § 10.12, p. 257. The Official Comments indicate that this exception is intended to apply only in extraordinary circumstances:
[Article 804(B)(6) ] is purposefully narrower than its federal counterparts, ... making it even clearer than under the federal rules that the residual exception is to be available only in truly extraordinary circumstances. Thus, the formulation employed in this Subparagraph demonstrates that the exception is not to *367 be used to emasculate the hearsay rule, as its counterpart in the federal rules is sometimes said to be employed.
La. C.E. art. 804, Official Comment(C).
In Buckbee v. United Gas Pipe Line Co., 561 So.2d 76, 82 (La.1990), we held that for hearsay to be admissible under La. C.E. art. 804(B)(6), it must “possess circumstantial guarantees of trustworthiness and that a necessity exists for its introduction in a particular case.” As stated, the testimony in the deposition at issue concerns Mr. Trascher’s statements about his employment at Avondale, his employment duties, his exposure to asbestos during his employment, and the lack of safety precautions concerning asbestos. To a limited extent, he also mentions he worked for Boland Shipyard and Equitable Shipyard.
Regarding necessity, plaintiffs claim that this testimony is necessary as they have made a reasonable effort to adduce all other admissible evidence to establish the fact that Mr. Trascher was exposed to asbestos while working at Avondale. Plaintiffs claim they have conducted numerous investigative searches for Avon-dale coworkers of Mr. Trascher to no avail as such persons are either deceased or their whereabouts are unknown. Assuming there are no other witnesses available to testify as to Mr. Trascher’s exposure to asbestos while at Avondale, this testimony still does not meet the second requirement for admissibility under La. C.E. art. 804(B)(6), i.e., trustworthiness.
_Jj2While the testimony was made under oath, it lacks any other guarantees of trustworthiness sufficient to justify its admission under this hearsay exception. First, there was no opportunity for cross-examination during which the reliability and truthfulness of his statements could have been tested. Second, the testimony concerned events that occurred nearly 50 years ago. Such a substantial lapse of time diminishes the reliability of the testimony because it heightens the probability that memory has become fogged by the passage of time. Indeed, the effects of this lapse of time are apparent from reading parts of the deposition:
PLAINTIFF COUNSEL:
Q. Do you know how you got this disease:
A. I sure do. I worked at — I worked at Avondale Shipyard, and I worked at — I worked at — I worked at — I worked at — oh, man. My mind’s messed up. I worked at Avondale Shipyard. Then I worked at—
Q. Well, Mr. Trascher, why don’t we start with Avondale.
[Objection by defense counsel.]
Q. Let’s start with Avondale, Mr. Trascher, since that’s the one you remember at this time. Do you recall when you were working at Avondale, when you started working at Avondale?
A. Yeah. I was working at Avondale around 1993 to about — I don’t know. It must have been '98 to '97, somewhere around there.
Q. Okay. Let me ask you—
A. Oh, and I worked for Boland, too, Boland Shipyard.
[Objection by defense counsel.]
A. Is that the one I forgot?
Q. That’s one of them, sir. You stated you worked at Avondale in '93 to possibly '97. Could you be incorrect about those dates? Could it be 1963?
IH[Objection by defense counsel.]
A. It was '63. I’m sorry. It was 1963 is when it was.
The inconsistencies and errors is this testimony convince us that it is not trustworthy given the strict parameters of the residual exception. In addition, “[a]rguably, the residual exception should not be applied to *368 admit hearsay that falls within the general confines of another exception but fails to meet all of the requirements for admissibility under that exception.” Maraist, supra at § 10.12, p. 259, n. 4. To use the residual exception in that way would seem to “emasculate the hearsay rule,” as cautioned against in the Official Comments. For all of the above reasons, the deposition testimony does not meet the requirements of the residual exception of La. C.E. art. 804(B)(6) and is therefore inadmissible.
CONCLUSION
For a deposition taken to perpetuate testimony to be admissible under La. C.C.P. art. 1450 where the witness is unavailable at trial, the party against whom it is being used or with similar interests to that party must have been given the opportunity to cross-examine the witness. Otherwise, assuming the objectionable testimony is hearsay, it must fall within one of the limited hearsay exceptions. Here, the only portion of the deposition testimony that is admissible is the video portion showing Mr. Traseher being asked and answering the question: “[a]nd today how do you feel?” His answer reflects his then existing mental, emotional, or physical condition and is offered to prove his then existing condition, which is highly relevant in a wrongful death and survival claim. However, the rest of the video deposition is inadmissible hearsay. It fails to meet the “dying declaration” exception as the deposition was not taken when Mr. Traseher believed his death was “imminent,” but was instead scheduled because Mr. Trascher’s doctor attested that Mr. Traseher may 11Bnot survive for more than six months. Though Mr. Traseher believed he would soon die of his disease, the statements made in this scheduled deposition lack the spontaneity which provide the independent indicia of reliability required of this exception. Further, the deposition testimony does not fall under the “residual” exception because, although it was taken under oath, the substance of Mr. Trascher’s answers show that his memory may have lapsed over the 50 year time span since the events occurred and therefore lack the indicia of trustworthiness required of this exception.
DECREE
For the reasons stated herein, the judgment of the district court is affirmed in part and reversed in part. The only portion of this deposition that will be admissible at trial is the part referred to in this opinion as meeting the requirements of La. C.E. art. 808(3). The case is remanded to the district court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
JOHNSON, Justice, dissents.
KNOLL, Justice, dissents and assigns reasons.
WEIMER, Justice, concurs with reasons.

. He attached the affidavit of his treating physician, Dr. Henry Jackson, who attested to the diagnosis and stated "Mr. Trascher may not survive beyond six (6) months of the date of this affidavit.”

. These potential defendants were: Taylor-Seidembach, Inc.; Garlock, Inc.; Rapid American, Inc.; The McCarty Corporation; Uniroyal, Inc.; Eagle, Inc.; Reilly-Benton Company, Inc.; Hopeman Brothers, Inc.; Foster Wheeler, Inc.; Viacom, Inc.; Peter Territo; OneBeacon Risk Management, Inc.; and American Motorists Insurance Co.

. The plaintiffs are Mr. Trascher's wife, Mary Ann Trascher, and his daughters, Karen Carroll and Toni Burrell.

. For ease of reference, we refer to the named defendant and applicant in this case as "Avondale.” However, technically, the applicant/defendants in this matter are Northrop Grumnam Shipbuilding,' Inc. (n/k/a Huntington Ingalls Incorporated, f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) and its insurer Commercial Union Insurance Company.

. La. C.C.P. art. 1429 provides:
A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1)That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the *363 petition, for the purpose of perpetuating their testimony.

. Further, La. C.C.P. art. 1430.1 provides that "[t]he admissibility at trial or other proceeding of any testimony perpetuated under this Article shall be governed by the Louisiana Code of Evidence.”

. In addition, Article 801(D)(1) recognizes four types of prior out of court statements that are not classified as hearsay, but in each type, the out of court declarant must have testified at the trial or hearing and must be "subject to cross-examination concerning the statement.”