## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-209


**HOLLOWAY DRILLING EQUIPMENT, INC., ET AL.**

**VERSUS**

**BILLY GUIDROZ, JR., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2010-1717 G
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of, Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**WRIT DENIED.**

William H. Parker, III
Allen & Gooch
P.O. Box 81129
Lafayette, LA 70598
(337) 291-1000
COUNSEL FOR DEFENDANT/RELATOR:
     John W. Wright, LTD, A Certified Public Accounting Corporation

Michael A. Patterson
S. Brooke Barnett-Bernal
Rachel P. Dunaway
Long Law Firm, LLP
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
(225) 922-5110
COUNSEL FOR DEFENDANT/RELATOR:
     Eric Broussard

Louis Clayton Burgess
Sean McAllister
L. Clay Burgess, APLC
605 W. Congress St.
Lafayette, LA 70501
(337) 234-7573
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
     Holloway Drilling Equipment, Inc.
     Holloway Rentals, Inc.

Bernard Francis Duhon
Attorney at Law
111 Concord Street, Suite B
Abbeville, LA 70511
(337) 893-5066
COUNSEL FOR DEFENDANT/RESPONDENT:
     Billy Guidroz

William E. Wright, Jr.
Beverly A. DeLaune
Deutsch, Kerrigan, LLP
755 Magazine St.
New Orleans, LA 70130
(504) 593-0637
COUNSEL FOR DEFENDANT/RESPONDENT:
     Gregory Inzerella

**James L. Brazee, Jr.**
**Evan T. Edwards**
**Brazee, Cormier & Gallaspy**
**2901 Johnston St., Ste. 206**
**Lafayette, LA 70503**
**(337) 237-0492**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Kyle Bodin**

**Bernard F. Duhon**
**111 Concord Street, Suite B**
**Abbeville, LA 70511**
**(337) 893-5066**
**COUNSEL FOR DEFENDANT/RESPONDENT**
    **Billy Guidroz**

**Kyle Bodin**
**Agent for Butterfly Bodies, LLC**
**2114 Turnberry Drive**
**New Iberia, LA 70563**
**DEFENDANT/RESPONDENT**

**Billy Guidroz**
**Excecutor of the Estate of Danielle Pellerin Guidroz**
**117 Cornish Place**
**Youngsville, LA 70592**
**DEFENDANT/RESPONDENT**

**Savoie, Judge.**

Defendants-Relators, Eric Broussard and John W. Wright, Ltd., a Certified Public Accounting Corporation, seek supervisory writs from the trial court's judgment denying in part their Motion in Limine, which sought to exclude any reference to, evidence of, or reliance upon, the deposition testimony of Danielle Pellerin Guidroz (formerly Bodin) at the trial of this matter.[1]

## STATEMENT OF THE CASE

On March 11, 2010, Plaintiffs, Holloway Drilling Equipment, Inc., and Holloway Rentals, Inc. (collectively "Holloway"), filed suit against Danielle Pellerin Guidroz ("Bodin"),[2] her ex-husband Kyle Bodin, and their business enterprise, Butterfly Bodies, LLC, asserting claims of theft, conversion, embezzlement, negligence, unjust enrichment, bad faith, and other allegations. In its second amended petition, Holloway named Eric Broussard ("Broussard"); Inzerella, Feldman, and Pourciau, APC (the "Inzerella Firm"); and John W. Wright, Ltd., A Certified Public Accounting Corporation ("Wright"), as additional defendants. On March 31, 2011, Holloway filed a Request for Review of Claim by a Certified Public Accountant Review Panel ("Request") with the Society of Louisiana Certified Public Accountants against Broussard, the Inzerella Firm, and Wright. Broussard and Wright, were voluntarily dismissed from the lawsuit on

---

[1] Likewise, in this court's docket number CW 18-229, Defendant-Relator, Gregory Inzerella, seeks review of a similar ruling entered by the trial court on his Motion in Limine.

[2] Danielle Pellerin Guidroz was formerly Danielle Bodin, as named in the Original Petition.

July 1, 2011, and July 6, 2011, respectively, to comply with the requirements of the Louisiana Accountancy Act, La.R.S. 37:101-124.[3]

On June 13, 2011, a hearing was held on the Inzerella Firm's Exception of Res Judicata related to a Receipt and Release Agreement. The exception was granted, and the Inzerella Firm was dismissed.

Holloway thereafter took Bodin's sworn statement on July 12, 2011, which occurred before a court reporter, Bodin's attorney, and Holloway's counsel ("Bodin Sworn Statement").

On July 28, 2011, Holloway filed a Motion for New Trial with respect to the Inzerella Firm's exception, asserting that the Bodin Sworn Statement provided new evidence that implicated Gregory Inzerella ("Inzerella") and Broussard of knowing and participating in Bodin's scheme to defraud Holloway. On July 29, 2011, counsel for the Relators received a copy of Holloway's Motion for New Trial and the Bodin Sworn Statement.

On November 9, 2011, counsel for Holloway and the Inzerella Firm took Bodin's deposition ("Bodin Deposition"). Present at the Bodin Deposition were counsel for Bodin, Holloway, the Inzerella Firm, and Kyle Bodin. During her deposition, Bodin confirmed her accusations against Broussard and Inzerella that were contained in the Bodin Sworn Statement. However, the deposition was specifically limited to the issues associated with the then-pending motion for new trial regarding the trial court's judgment granting the exception of res judicata.

On February 2, 2012, Bodin committed suicide. On that same day, Holloway filed its Fourth Supplemental and Amending Petition, which again listed

---

[3] Louisiana Revised Statutes 37:102 requires that all claims against Louisiana certified public accountants be submitted to a Certified Public Accountant Review Panel prior to commencing any action in court.

Broussard as a defendant, who was again voluntarily dismissed. Also in this amending pleading, Plaintiffs added Gregory Inzeralla, individually, as an additional defendant.

On August 6, 2013, Holloway's counsel advised of its intentions to submit into evidence the Bodin Sworn Statement and the Bodin Deposition. Broussard and Wright were again made parties to the suit on May 5, 2016, pursuant to Holloway's fifth amending petition; Gregory Inzerella was also named as a defendant in that pleading.

On August 3, 2017, Inzerella[4] filed a motion in limine seeking to bar Holloway from admitting into evidence the following: (1) the Bodin Sworn Statement; (2) Bodin's handwritten statement dated March 12, 2010; (3) a video interview of Bodin conducted by Broussard Police Department ("BPD") on March 12, 2010; (4) police reports prepared by BPD; and (5) the Bodin Deposition.

On August 4, 2017, Relators in the instant matter filed a similar motion in limine in anticipation of trial, which was scheduled for October 30, 2017. Their motion in limine sought to exclude: (1) the Bodin Sworn Statement; (2) the Bodin Deposition; (3) a deposition of Martha Edley dated November 9, 2011; (4) video interviews of Bodin conducted by BPD on March 12, 2010, and March 24, 2010; (5) police reports prepared by BPD; (6) Bodin's handwritten statement dated March 12, 2010; and (7) any statements made by Bodin, to or through others, because they are inadmissible hearsay and do not meet the requirements of any exception to the hearsay rule, pursuant to La.Code Evid. art. 801, *et seq*.

Holloway filed a Memorandum in Opposition to All Motions in Limine filed by the defendants ("Global Opposition"). Relators filed a Reply Memoranda.

---

[4] Inzerella is the Relator in this court's docket no. CW 18-229

Following two hearings, the trial court took the motions in limine under advisement. On January 31, 2018, all Relators' Motions in Limine, in two separate judgments, were granted in part and denied in part, as the judgments did not exclude the Bodin Deposition. In its Reasons for Ruling, the trial court stated "that counsel for the Inzerella Firm was a party in a similar interest with the opportunity to cross-examine [Bodin] during her deposition. As such, the deposition of Ms. Bodin/Guidroz is admissible at trial." Relators filed a Notice of Intent to Apply for Supervisory Writs. Relators now submit their writ applications seeking reversal of the trial court's January 31, 2018 judgments denying their Motions in Limine, in part, by failing to exclude the Bodin Deposition.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933 (citing La.Code Civ.P. arts. 2087 and 2201). An appellate court has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court. *Succession of Shaw v. Alexandria Inv. Grp., LLC*, 17-582 (La.App. 3 Cir. 7/26/17), __ So.3d __.

## ON THE MERITS

Relators assert that the trial court erred as a matter of law in failing to apply La.Code Civ.P. art. 1450 by not excluding the Bodin Deposition at trial because they were not afforded the opportunity to cross-examine her. Louisiana Code of Civil Procedure Article 1450 provides:

> A.    At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though

the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

. . . .

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

(a) That the witness is unavailable;

. . . .

(c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

C.    Conflicts between this Article and Code of Evidence Article 804, regarding the use of depositions, shall be resolved by the court in its discretion.

Relators contend that the requirements of La.Code Civ.P. art. 1450 are not met because they were not notified of the Bodin Deposition until December 1, 2011, after the hearing on Holloway's Motion for New Trial was held on November 21, 2011, when counsel for the Inzerella Firm provided the transcripts of all depositions taken on November 9, 2011.  Relators argue that the Bodin Deposition cannot be used because they were not "a party present or represented at the taking of the deposition, or who had reasonable notice thereof" in accordance with La.Code Civ.P. art. 1450.[5]

Relators note that the trial court's reasons for judgment state that it would not exclude the Bodin Deposition because "counsel for the Inzerella Firm was a party in a similar interest with the opportunity to cross-examine [Bodin] during her deposition[.]"  They assert that the trial court cited *Trascher v. Territo*, 11-2093

---

[5] Inzerella advances a similar argument in this court's docket no. CW 18-229

(La. 5/8/12), 89 So.3d 357, for the foregoing proposition. Relators argue that the trial court's use of the phrase "similar interest" suggests that La.Code Evid. art. 804(B)(1) applies in this case. They suggest that the trial court's application of the law is misplaced because the supreme court in *Trascher* never addressed La.Code Evid. art. 804(B)(1), the "former testimony" exception to the hearsay rule, in determining whether to exclude prior deposition testimony under the facts of that case. Relators further suggest that the supreme court's inclusion of the phrase "or with similar interests to that party" is mere dicta, and, as such, the trial court erred by not excluding the Bodin Deposition based upon that dicta.

Relators assert that the use of the Bodin Deposition at trial is governed by La.Code Civ.P. art. 1450 and can only be admissible if it falls under an applicable exception to the hearsay rule. Relators contend that the Bodin Deposition fails to meet any of the hearsay exceptions found in La.Code Evid. art. 804(B), which provides, in pertinent part:

> **Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> **(1) Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a party with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given in another proceeding by an expert witness in the form of opinions or inferences, however, is not admissible under this exception.

According to Relators, because the Bodin Deposition is not testimony given by a witness at another hearing, it is not admissible under La.Code Evid. art. 804(B)(1) and should be excluded.

The use of depositions, which is governed by La.Code Civ.P. art. 1450, was interpreted by the supreme court in *Trascher*, 89 So.3d at 368, as follows: "For a

6

deposition taken to perpetuate testimony to be admissible under La.[Code Civ.P.] art. 1450 where the witness is unavailable at trial, the party against whom it is being used or with similar interests to that party must have been given the opportunity to cross-examine the witness."

In this case, counsel for Holloway and the Inzerella Firm took Bodin's deposition on November 9, 2011. Approximately three months later on February 2, 2012, Bodin committed suicide. Thus, Bodin is an unavailable witness under La.Code Civ.P. art. 1450(3)(a). Additionally, Relators herein, as the party against whom it is being used, were not given the right to cross-examine Bodin. Therefore, it must be determined whether a party with similar interests to Relators was given an opportunity to cross-examine Bodin.

In this case, the amended petition asserts the following:

During late 2002 through December 2008 individually and/or in the course and scope of Eric Broussard's employment with lnzerella, Feldman and Purciau [sic], a Professional Corporation and/or from January 2009 through March 2010 individually and/or in the course and scope of Eric Broussard's employment with John W. Wright, Ltd. (A Certified Public Accounting Corporation) he committed negligent and/or intentional acts including but not limited to fraud, breach of contract, breach of fiduciary duty by cooperating with and/or helping defendants, Danielle Bodin, Kyle Bodin and/or Butterfly Bodies, LLC, embezzle, transfer, make unauthorized payments to third payees, falsify accounting records and/or bookkeeping records and/or provide advice to defendants Danielle Bodin, Kyle Bodin and/or Butterfly Bodies, LLC, on how to steal, embezzle, convert and/or hide monies belonging to plaintiffs, Holloway Drilling Equipment, Inc. and/or Holloway Rentals, Inc.

In summary, the amended petition alleges that Broussard was employed by the Inzerella Firm and/or John W. Wright, Ltd. It alleges that during Broussard's employment with the Inzerella Firm or Wright, he conspired with Bodin to steal.

Similarly, Holloway's Fourth Supplemental and Amending Petition avers:

7

At all times as evidenced in the original and amending petitions, Greg Inzerella was the owner and managing partner of Inzerella, Feldman and Purciau [sic], a Professional Corporation.

Greg Inzerella, individually entered into a scheme with Danielle Bodin and/or Eric Broussard wherein he and/or his firm would gain financially and participated in the fraud to harm Holloway Drilling Equipment, Inc. and Holloway Rentals, Inc. financially through over billing and/or embezzlement.

According to the Bodin Deposition transcript, attorneys for the Inzerella Firm, Deutsch, Kerrigan & Stiles – William Wright, Jr., were present during the deposition. The transcript shows that Gregory Inzerella was also present in his individual capacity. Given the allegations contained in the amended petition, we find that at the time of the Bodin Deposition, the Inzerella Firm was a party with similar interests to all Relators. Although separate personal counsel for Relators was not present at the Bodin Deposition, they were represented by their corporate client, the Inzerella Firm, which had similar interests. Since the Inzerella Firm was present at the Bodin Deposition, it had an opportunity to cross-examine.

We further conclude that Relators' argument regarding the supreme court's alleged dicta in *Trascher*, 89 So.3d 357, is misplaced in light of La.Code Civ.P. art. 1450(A)(3)(c), which allows the deposition of a witness, whether or not a party, to be used for any purpose if the court finds "that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court[.]" The foregoing language gives the trial court discretion to allow the introduction of deposition testimony when warranted.

For these reasons, the trial court did not err when it denied Relators' motions in limine with respect to the Bodin Deposition.

**WRIT DENIED.**