| JOSE RODRIGUEZ-ZALDIVAR AND DYLCIO RODRIGUEZ CRUZ | * | NO. 2021-CA-0478 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| CHARLES LEGGETT AND PROGRESSIVE CASUALTY INSURANCE COMPANY | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-12246, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Dale N. Atkins)

*DYSART, J., CONCURS IN PART AND DISSENTS IN PART*
*JENKINS, J., DISSENTS WITH REASONS*

Miguel A. Elias
Paula J. Ferreira
Graham Brian
LAW OFFICES OF MIGUEL A. ELIAS
4224 Williams Boulevard
Kenner, LA 70065

      COUNSEL FOR PLAINTIFFS/APPELLEES

Christopher M. Short
Nat G. Kiefer, Jr.
Megan C. Kiefer
Amanda G. Morse
KIEFER & KIEFER
2310 Metairie Road
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED**

**SEPTEMBER 28, 2022**

This is a motor vehicle accident case. Defendant/appellant, Progressive Security Insurance Company ("Progressive"), appeals the March 10, 2021 judgment of the district court, which awarded plaintiffs/appellees, Jose Rodriguez-Zaldivar ("Zaldivar") and Dylcio Rodriguez Cruz ("Cruz") (collectively, "Plaintiffs"), $15,000 and $65,000, respectively, in damages. For the reasons that follow, we vacate the judgment and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from a vehicle collision in the French Quarter on January 15, 2015, wherein Charles Leggett ("Leggett") backed his Chevrolet Tahoe into a parked utility van. On December 29, 2015, Zaldivar and Cruz filed suit against Leggett and his automobile insurer, Progressive, alleging personal injuries sustained in the collision. On November 7, 2016, Progressive took Zaldivar's and Cruz's discovery depositions. Plaintiffs' attorneys represent that, subsequently, in 2017, Zaldivar and Cruz were both deported to Honduras and have since been unable to return to the United States.

Meanwhile, on June 5, 2017, Progressive filed a motion to compel an independent medical examination ("IME") of Cruz, which the district court granted on August 25, 2017. When Cruz failed to attend the IME appointment scheduled on October 25, 2017, Progressive filed a motion to dismiss, or, alternatively, lesser discovery sanctions under La. C.C.P. art. 1471, for failure to comply with the court order. On March 13, 2018, the district court granted the motion and dismissed Cruz's claims. On appeal, however, this Court found an "absence of evidence to support a finding of willfulness, bad faith, or fault," reversed the judgment of dismissal, and remanded the case for further proceedings. *Rodriguez-Zaldivar v. Leggett*, 18-0410, p. 5 (La. App. 4 Cir. 1/23/19), 318 So.3d 859, 862 (quotation omitted). Thereafter, on April 1, 2019, Progressive filed a new motion to dismiss, or, in the alternative, motion for sanctions. On June 25, 2019, the district court denied that motion and declined to impose any lesser discovery sanctions. Cruz has not undergone an IME.

On October 2, 2020, Plaintiffs filed a motion to testify via Zoom in lieu of personal appearance at trial, which was denied. The district court, however, permitted Plaintiffs' depositions to be used at trial on the basis that plaintiffs were "unavailable."

This matter proceeded to a bench trial on October 21, 2020, where Plaintiffs did not appear, but were represented by counsel. Because Leggett was never served with Plaintiffs' petition for damages, during trial, the district court orally dismissed all claims against Leggett. Plaintiffs' depositions were admitted into evidence,

along with their medical records and the Progressive policy. Plaintiffs did not call any live witnesses. Progressive moved for involuntary dismissal after the close of Plaintiffs' case in chief, and the district court took the motion under advisement. Progressive called Leggett as its only witness. During Leggett's testimony, he admitted that he backed his Chevrolet Tahoe into the utility van, but Leggett denied that anyone was inside the van at the time of the collision. At the close of trial, the district court denied involuntary dismissal, found Leggett 100% at-fault for the accident, found Progressive liable for insurance coverage, and rendered judgment against Progressive awarding Zaldivar $15,000 in damages and Cruz $65,000 in damages.

## ASSIGNMENTS OF ERROR

Progressive brought the instant suspensive appeal, wherein it raises the following six assignments of error:

1. The trial court erred in allowing Plaintiffs to submit their discovery depositions in lieu of testifying live and without establishing their unavailability in accordance with La. C.C.P. art. 1450 and depriving Defendant of its right to cross-examine them at trial.

2. The trial court erred [in] denying Defendant's Motion for Involuntary Dismissal where the Plaintiffs failed to prove insurance coverage in their case.

3. The trial court erred in failing to apportion any fault to Plaintiff(s) where they/he were negligent per se based on having illegally parked in a fire lane.

4. The trial court erred in awarding Cruz $65,000 in damages, which was more than his non-jury stipulation that his damages did not exceed $50,000.

3

5. Even if Cruz's damages are reduced to $50,000, the trial court still erred, since he did not prove with expert medical evidence that his right knee injury or arthroscopy were related to the subject accident.

6. The trial court erred in not requiring Cruz to appear for his Court ordered IME and for not sanctioning him when he refused to appear for same.

## DISCUSSION

**Evidentiary Rulings**

The primary issue on appeal is the first assignment of error. Progressive argues that the district court erred in permitting Zaldivar and Cruz to use their depositions in lieu of appearing at trial. We agree.

"A ruling on the admissibility of evidence is a question of law and is not subject to the manifest error standard of review." *Trascher v. Territo*, 11-2093, p. 4 (La. 5/8/12), 89 So.3d 357, 362 (citing Frank L. Maraist, *Louisiana Civil Law Treatise: Evidence and Proof*, Vol. 19, § 2.10, p. 36). "A party may not complain on appeal about an evidentiary ruling in the trial court unless the trial judge was given the opportunity to avoid the perceived error, and the ruling 'affected' a 'substantial right' of the party." *Id.* (quoting *Maraist*, *supra*, and citing La. C.E. art. 103(A)(1)). "The trial court has much discretion in determining whether to allow the use of deposition testimony at trial, and its decision will not be disturbed upon review in the absence of an abuse of that discretion." *Boutte v. ABC Ins. Companies*, 00-0649, p. 8 (La. App. 4 Cir. 2/6/02), 811 So.2d 30, 35 (citation omitted).

4

**Admissibility of Depositions in Lieu of Trial Testimony - Unavailability**

Use of depositions is governed by Article 1450 of the Louisiana Code of Civil Procedure. The article allows any party to use the deposition of a witness, whether or not a party, for any purpose if the court finds:

> **(a) That the witness is unavailable;**
>
> (b) That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>
> (c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

La. C.C.P. art. 1450(A)(3) (emphasis added).

Article 1450 does not specify when a witness is "unavailable," though this Court has looked to Louisiana Code of Evidence Article 804's definition of "unavailability" to determine whether a deponent is unavailable for the purposes of Article 1450(A)(3)(a). *See Duncan v. Bartholomew*, 11-0855, p. 5 (La. App. 4 Cir. 3/14/12), 88 So.3d 698, 705. Under La. C.E. art. 804(A), "a declarant is 'unavailable as a witness' when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court." Article 804(A) further illustrates:

> This includes situations in which the declarant:
>
> (1) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;

(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;

(3) Testifies to a lack of memory of the subject matter of his statement;

(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause; or

(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means. A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrong-doing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

La. C.E. art. 804(A).

"When the deposition is sought to be used in place of the witness' actual trial testimony, a showing of unavailability of the witness is required." *Cawthorne v. Fogleman*, 12-870, p. 6 (La. App. 3 Cir. 2/6/13), 107 So.3d 906, 911 (citing *Montgomery v. Breaux*, 297 So.2d 185, 189 (La. 1974)). "A party who is not legally unavailable or who is intentionally absent from trial due to his choice to be out of state may not submit his deposition testimony in lieu of live testimony." *Boutte*, 00-0649, p. 8, 811 So.2d at 35. "A party is not legally 'unavailable' as a witness simply because he eschews the trial." *Id.* (citation omitted). "Additionally, a party whose absence from trial is attributable to his choice to be out of state on the date of trial is considered to have procured his own absence." *Id.* (citation omitted).

6

No reported Louisiana cases discuss whether deportation renders a party or witness unavailable to testify at trial. We do not reach that question in this appeal, however, as we find that the district court abused its discretion and erred as a matter of law in admitting Plaintiffs' depositions in the absence of competent **evidence** demonstrating that Plaintiffs were unavailable for trial.

As Plaintiffs point out, unavailability is a preliminary question of fact to be decided by the trial judge, "who is not limited by the ordinary rules of evidence in reaching that preliminary decision." La. C.E. art. 804, cmt. (c). Nevertheless, Louisiana courts have long recognized that "hearsay evidence may not be considered in the judicial inquiry of a witness' unavailability." *Bourgeois v. A.P. Green Indus., Inc.*, 06-0087, p. 20 (La. App. 5 Cir. 7/28/06), 939 So.2d 478, 493 (citing *Reine v. Grillot*, 505 So.2d 1179, 1185 (La. App. 5th Cir. 1987); *Wheeler v. New Orleans Public Service, Inc.*, 573 So.2d 1237, 1239 (La. App. 4th Cir. 1991); *Bland v. Interstate Fire and Cas. Co.*, 311 So.2d 480, 483 (La. App. 4th Cir. 1975)); *Mitchell v. State, Dep't of Transp. & Dev.*, 50,432, p. 19 (La. App. 2 Cir. 3/23/16), 193 So.3d 152, 163. Indeed, without more, hearsay statements made by a plaintiff's attorney, seeking to prove said plaintiff's unavailability, are not sufficient evidence and may not be considered by the trial judge. *Bourgeois*, 06-0087, p. 21, 939 So.2d at 494. *See also Wheeler*, 573 So.2d at 1239.

In contrast, Plaintiffs rely on cases in which courts have considered either attorneys' statements based on personal knowledge of their own efforts to locate

and secure the presence of witnesses,[1] or documentary evidence of witnesses'

noncompliance with subpoenas.[2] We find such cases distinguishable, as the record

lacks any indication that either Zaldivar or Cruz was subpoenaed for trial or that

their attorneys demonstrated personal knowledge of facts that would qualify

Plaintiffs as legally unavailable.[3] We also find no support for Plaintiffs' contention

that Cruz's failure to attend an IME appointment on October 25, 2017 or

noncompliance with a subpoena for his appearance at a hearing on May 31, 2019

shows both Plaintiffs' unavailability to testify at trial, well over a year later. The

record reflects that Plaintiffs' counsel sought a subpoena duces tecum for records

and a trial subpoena for a representative of United States Immigration and Customs

Enforcement; nevertheless, no documents produced in response to these subpoenas

---

[1] *See Ball v. Cap. City Cornichon Corp.*, unpub., 11-1862 (La. App. 1 Cir. 5/2/12), 2012 WL 1550545, at *3-4; *Dunning v. Dapco Ventures, L.L.C.*, 01-2366, pp. 9-10 (La. App. 1 Cir. 11/8/02), 834 So.2d 448, 454-55; *Snell v. United Parcel Servs., Inc.*, 543 So.2d 52, 54-55 (La. App. 1st Cir. 1989).

[2] *See Duncan*, 11-0855, p. 5-6, 88 So.3d at 705; *Maryland Cas. Co. v. Mouton*, 340 So.2d 714, 717 (La. App. 3d Cir. 1976); *Hanover Ins. Co. v. Caruso-Simoneaux Agency, Inc.*, 249 So.2d 322, 323 (La. App. 1st Cir. 1971).

[3] Other cases cited by Plaintiffs are dissimilar to this matter and provide no guidance on the question of unavailability herein. *See Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 464 So.2d 930, 935-36 (La. App. 4th Cir. 1985), *writ granted*, 467 So.2d 528 (La. 1985), *and aff'd in part, rev'd in part*, 475 So.2d 756 (La. 1985) (upholding admission of a perpetuation deposition of an ill plaintiff pursuant to La. C.C.P. art 1431, taken during trial in the presence of all counsel, based on attorney's personal knowledge of illness); *McAdams v. Louisiana Power & Light Co.*, 95-126, p. 7 (La. App. 5 Cir. 7/25/95), 659 So.2d 820, 825 (corporate witness found unavailable and deposition admissible due to witness' death); *Folse v. Folse*, 98-1976, pp. 13-14 (La. 6/29/99), 738 So.2d 1040, 1047-48 (applying La. C.E. art. 1101(B) and recognizing that "[a]pplication of a relaxed evidentiary standard is also consistent with public policy regarding the welfare of children"). Moreover, to the extent that the court in *Hillyard v. Cornelius*, unpub., 20-0428, p. 6 (La. App. 1 Cir. 3/25/21), 2021 WL 1135494, at *3 seemingly accepted in-court statements by an attorney concerning a witness' illness, we are neither bound nor persuaded by this evidentiary ruling, particularly where this Court and other courts have consistently held that a trial judge may not consider hearsay in determining unavailability. *See Mitchell*, 50,432, p. 19, 193 So.3d at 163; *Bourgeois*, 06-0087, p. 21, 939 So.2d at 494; *Wheeler*, 573 So.2d at 1239.

are contained in the record, and no representative testified at trial to facts substantiating either Plaintiff's unavailability for trial.

Additionally, while Plaintiffs aver that Progressive waived its objections to use of Plaintiffs' depositions in lieu of live testimony, we disagree. At the hearing of Plaintiffs' motion to present their trial testimony via Zoom, Progressive expressed a preference that, if the district court was inclined to grant Plaintiffs any relief, that the court admit their depositions into evidence, rather than have Plaintiffs testify at trial via Zoom. Nevertheless, the record plainly reflects that Progressive preserved its objection to both testimony via Zoom and via deposition. We likewise reject the suggestion that the parties' stipulations – that the depositions were taken for "all purposes" – rendered the depositions admissible at trial, for the reasons expressed in *Sullivan v. City of Baton Rouge*, 14-0964, p. 10 (La. App. 1 Cir. 1/27/15), 170 So.3d 186, 195:

> … the stipulation that the deposition was taken "for all purposes" is expressly limited to those purposes "allowed under" and "in accordance with" the discovery provisions of the Code of Civil Procedure. Those provisions include Article 1450, which sets forth the limitations and conditions for using a deposition at trial. The stipulation does not purport to waive Article 1450's requirements and does not reflect an unqualified agreement that the deposition would be admissible at trial.

We do not find any waiver of objections.

Under the circumstances presented, Zaldivar's and Cruz's unavailability was not shown, and their depositions should not have been admitted into evidence.

**Harmless Error Analysis**

"[A]ny error in the introduction of a deposition into evidence in lieu of live testimony, is subject to a harmless error analysis." *Mitchell*, 50,432, p. 20, 193 So.3d at 164 (citing *Bell v. Mid City Printers, Inc.*, 10-0818, p. 9 (La. App. 4 Cir. 12/22/10), 54 So.3d 1226, 1233; *Wheeler*, 573 So.2d at 1239) (other citations omitted). "The determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case. And it is defendant's [the appellant's] burden to so prove." *Thomas v. A.P. Green Indus., Inc.*, 05-1064, p. 32 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 865 (citation omitted). As stated, for a party to complain on appeal about an evidentiary ruling in the trial court, the ruling must have affected a substantial right of the party. *Trascher*, 11-2093, p. 4, 89 So.3d at 362 (citations omitted). "While a defendant's right to confront his accusers in a criminal case is guaranteed by the Confrontation Clause of the Sixth Amendment of the United States Constitution, 'the importance of cross-examination cannot be minimized' in civil cases." *Id.* (quoting *Garza v. Delta Tau Delta Fraternity Nat.*, 05-1508, p. 8 (La. 7/10/06), 948 So.2d 84, 90 and n. 12). "Where opposing party never has the opportunity to cross-examine the deponent, troubling ramifications are presented because this violates a party's fundamental right to cross-examine witnesses against him." *Id.* "Indeed, one of the basic reasons for excluding hearsay testimony, is that 'there is no opportunity for cross-examination.'" *Id.*, 11-2093, pp. 4-5, 89 So.3d at 362 (quoting *Garza*, 05-1508, p.

8, 948 So.2d at 90) (citing *Donnelly v. U.S.*, 228 U.S. 243, 273, 33 S.Ct. 449, 459, 57 L.Ed. 820 (1913)).

Counsel for Progressive was present and participated in the depositions of Plaintiffs in 2016. Still, Progressive contends, and we agree, that it was prejudiced by the admission of the depositions, as it was deprived of the right to cross-examine Plaintiffs at trial. Importantly, Progressive's liability hinges on the resolution of substantial disputed facts, specifically, whether either plaintiff was in the van at the time of the collision; if so, who was driving; and the mechanism of injury to Cruz's knee. No witness testified at trial to Plaintiffs' accounts of their accident. Notably, Leggett, the only witness to testify live at trial, attested that no one was inside the van at the time of the collision. Zaldivar and Cruz, however, both testified in their depositions that they were both inside the van at the time of the collision and that Zaldivar was in the driver's seat. In contrast, Cruz's medical records from his treatment with Dr. David Wyatt reflect a patient history that Cruz was in the driver's seat – that he "said his right knee was lodged onto the brake and it caused an impact twisting action on the knee."

As another court has articulated:

> [A party's] live appearance was crucial for the [fact finder] to weigh the credibility of his testimony rather than glean what happened the day of the accident from the cold record of his deposition. Where there is such a crucial conflict in testimony, the [fact finder's] core means of making reasonable evaluations of credibility and reasonable inferences of fact comes from witnessing live testimony. The use of a deposition in lieu of a key party testifying should not be taken lightly.

*Cawthorne*, 12-870, pp. 8-9, 107 So.3d at 912.

We find that the erroneous admission of Plaintiffs' depositions affected a substantial right, Progressive's opportunity to cross-examine witnesses at trial. We reverse the district court's ruling allowing Zaldivar and Cruz to submit their depositions in lieu of live testimony.

**Remand for New Trial**

"Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law, such as a consequential but erroneous ruling on the exclusion or admission of evidence, forecloses any finding of fact, and the record is otherwise complete, the appellate court should, if it can, render judgment on the record." *Foley v. Entergy Louisiana, Inc.*, 06-0983, pp. 28-29 (La. 11/29/06), 946 So.2d 144, 164 (citing *Ragas v. Argonaut Southwest Ins. Co.*, 388 So.2d 707, 708 (La. 1980); *Gonzales v. Xerox Corp.*, 254 La. 182, 320 So.2d 163 (1975)). Still, our Supreme Court has "recognized that *de novo* review is not the best course of action in every case." *Wegener v. Lafayette Ins. Co.*, 10-0810, p. 19 (La. 3/15/11), 60 So.3d 1220, 1233 (citing *Ragas*, 388 So.2d at 708). In particular, "[t]here are cases where the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues." *Id.* (quoting *Ragas*, 388 So.2d at 708). "The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record." *Id.* "Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial." *Id.*

Applying this standard to the particular circumstances before us, "[g]iven that the weight of evidence is so nearly equal that firsthand view of witnesses is essential to a fair resolution of the issues, the case is not appropriate for appellate adjudication." *Cawthorne*, 12-870, p. 14, 107 So.3d at 915. We, therefore, reverse the district court's admission of Plaintiffs' depositions in lieu of live testimony, vacate the trial judgment, and remand this matter to the district court for a new trial consistent with our findings stated in this opinion.[4]

## CONCLUSION

Accordingly, for the reasons set forth herein, we vacate the March 10, 2021 trial judgment and remand the case for a new trial consistent with the evidentiary holding of this Court.

**VACATED AND REMANDED**

---

[4] Because of our conclusion herein, we pretermit the remaining assignments of error. Additionally, as we are remanding this matter, we note that the district court's June 25, 2019 judgment, which denied dismissal and/or lesser sanctions under La. C.C.P. art 1471, in connection with Cruz's failure to appear for a court-ordered IME, relates to discovery and is an interlocutory judgment. *See* La. C.C.P. art. 1841; La. C.C.P. art. 2083(C). Thus, it "may be reconsidered or revised upon proper motion at any time until the rendition of a final judgment." *Campos v. Unlimited Master Contractors, LLC*, 18-0435, p. 7 (La. App. 5 Cir. 1/30/19), 265 So.3d 968, 973, n. 6 (quoting *Regions Bank v. Weber*, 10-1169, p. 2 (La. App. 4 Cir. 12/15/10), 53 So.3d 1284, 1286).